**MCLANE COMPANY, INC., Appellant**

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION; Sherry Cook, Chief Administrative Officer and Officer for Public Information of the Texas Alcoholic Beverage Commission; and Ken Paxton, Attorney General of Texas, Appellees**

NO. 03–16–00415–CV

Court of Appeals of Texas, Austin.

Filed: February 1, 2017

---

Steven Callahan, Brett Charhon, Charhon Callahan Robson & Garza, Dallas, TX, for Appellant.

Ann Hartley, Assistant Attorney General, Financial Litigation and Charitable Trusts Division, Matthew R. Entsminger, Open Records Litigation, Administrative Law Division, Austin, TX, for Appellees.

Before Chief Justice Rose, Justices Field and Bourland

## OPINION

Scott K. Field, Justice

This dispute arises from a public-information request submitted by McLane Company, Inc., to the Texas Alcoholic Beverage Commission (TABC). On appeal, we must decide whether the trial court erred in granting the pleas to the jurisdiction of TABC and Sherry Cook, TABC's Chief Administrative Officer and Officer for Public Information. We will affirm the trial court's orders granting the pleas to the jurisdiction.

## BACKGROUND

McLane submitted its request for public information under Texas's Public Information Act (PIA) in May 2015. *See* Tex. Gov't Code § 552.221(a) ("An officer for public information of a governmental body shall promptly produce public information for inspection, duplication, or both on application by any person to the officer."). Because TABC wished to withhold portions

of responsive records from disclosure, it sought a decision from the Office of the Attorney General of Texas. *See id.* § 552.301(a) ("A governmental body that receives a written request for information that it wishes to withhold from public disclosure . . . must ask for a decision from the attorney general about whether the information is within [an enumerated] exception . . . ."). The attorney general issued a letter ruling stating that TABC must release the requested information, with two exceptions. TABC then brought this suit to challenge the attorney general's decision. *See id.* § 552.324 (providing that governmental body seeking to withhold information may sue attorney general).

McLane intervened in TABC's suit. *See id.* § 552.325(a) (providing that requestor is "entitled to intervene" in governmental body's suit against attorney general). In its First Amended Petition, McLane seeks a writ of mandamus ordering TABC to produce the requested information. *See id.* § 552.321(a) ("A requestor . . . may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body . . . refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure . . . ."). McLane also seeks declarations under the Texas Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code § 37.004(a) ("A person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereun-

der."). In addition, McLane alleges that Cook failed to comply with the PIA's requirements. On appeal, McLane characterizes these allegations as ultra vires claims against Cook. *See Houston Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 161 (Tex. 2016) (describing ultra vires suits).

TABC filed a plea to the jurisdiction contending that sovereign immunity deprived the trial court of jurisdiction over McLane's UDJA and ultra vires claims.[1] Cook also filed a plea to the jurisdiction asserting that sovereign immunity barred McLane's suit against her and that McLane "has . . . not alleged any facts that would come within the *ultra vires* exception to Cook's sovereign immunity and confer jurisdiction on this Court to consider claims against Cook." The trial court granted the pleas to the jurisdiction, and this appeal followed.

## STANDARD OF REVIEW

 In two issues, McLane challenges the trial court's decision that sovereign immunity bars its UDJA and ultra vires claims against TABC and Cook. "Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Because subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo. *Houston Belt*, 487 S.W.3d at 160.

## DISCUSSION

### UDJA Claims

In its first issue, McLane contends that the trial court erred in granting TABC's

---

1. TABC and Cook did not challenge the trial court's jurisdiction over McLane's "claims under Sections 552.325 and 552.321 of the PIA," and McLane's PIA claims are not at issue in this appeal.

plea to the jurisdiction because the UDJA waives sovereign immunity for claims seeking construction of a Texas statute.

 The UDJA provides that "[a] person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004(a). The Texas Supreme Court has explained that "the UDJA does not enlarge the trial court's jurisdiction but is 'merely a procedural device for deciding cases already within a court's jurisdiction.'" *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (per curiam) (quoting *Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011)). Accordingly, the UDJA "is not a general waiver of sovereign immunity." *Sawyer Trust*, 354 S.W.3d at 388. Instead, the UDJA only "waives sovereign immunity in particular cases." *Sefzik*, 355 S.W.3d at 622. "For example, the state may be a proper party to a declaratory judgment action that challenges the validity of a statute." *Id.* However, "the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Id.* at 621.

 McLane's First Amended Petition requests the following declarations:

- "McLane asks the Court to construe the PIA, and enter a declaratory judgment stating that the PIA requires the TABC and Cook to promptly search for and produce documents responsive to McLane's PIA requests."
- "McLane asks the Court to enter a declaratory judgment requiring Cook to promptly search for and produce the Information at Issue."

- "McLane asks the Court to construe the PIA, and enter a declaratory judgment stating that the PIA requires the TABC and Cook to conduct a reasonably comprehensive search for public information responsive to McLane's PIA requests."
- "McLane asks the Court to enter a declaratory judgment requiring Cook to perform a reasonably comprehensive search for the Information at Issue."

These requests do not seek a declaration concerning the validity of the PIA or any other statute. Instead, they seek a declaration of McLane's rights under the statute. That is, McLane asks the court to declare that the PIA requires TABC to produce the information that McLane has requested. Therefore, we conclude, in light of *Sefzik*, that the UDJA does not waive TABC's sovereign immunity with respect to these claims. *See id.*; *Texas Educ. Agency v. American YouthWorks, Inc.*, 496 S.W.3d 244, 265 (Tex. App.–Austin 2016, pet. filed) (holding that "the Charter Holders' [UDJA] claims requesting statutory construction and a declaration of rights are barred by sovereign immunity").

McLane acknowledges that it is not challenging the validity of the PIA or any other statute. Moreover, at oral argument, McLane conceded that its First Amended Petition contains some requests for declarations of rights that are barred by sovereign immunity under *Sefzik*. However, McLane insists that its petition also includes claims for "bare statutory construction" and that it should be allowed to replead to clarify those claims. That is, according to McLane, the UDJA waives immunity to allow a court "to construe the PIA divorced from any particular public-information request." McLane alleges that such declarations "will inform McLane's position on the current as well as other extant and future TABC public-information requests."

Precedent from the Texas Supreme Court and from this Court compels us to conclude that the UDJA does not waive sovereign immunity for "bare statutory construction" claims. The *Sefzik* court made it clear that "state agencies ... are immune from suits under the UDJA unless the Legislature has waived immunity for the particular claims at issue." *Sefzik*, 355 S.W.3d at 620. Like the plaintiff in *Sefzik*, McLane "is not challenging the validity of a statute; instead, he is challenging [the agency's] actions under it." *See id.* at 622.[2] As this Court has explained, a party generally cannot use the UDJA as a vehicle to bring statutory-construction claims that would otherwise be barred by sovereign immunity:

> It is true that the UDJA generally authorizes claimants "whose rights, status, or other legal relations are affected by a statute" to "have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder." But this authorization is not a grant of *jurisdiction* to entertain such a claim—as the Texas Supreme Court has instructed us, the UDJA generally "does not enlarge the trial court's jurisdiction but is 'merely a procedural device for deciding cases already within a court's jurisdiction.'" Nor, similarly, can "a litigant's couching its requested relief in terms of declaratory relief ... alter the underlying nature of the suit." And as the high court

has clarified in recent years, the UDJA's sole feature that can impact trial-court jurisdiction to entertain a substantive claim is the statute's implied limited waiver of sovereign or governmental immunity that permits claims challenging the validity of ordinances or statutes. It has squarely repudiated the once-widespread notion that the UDJA confers some broader right to sue government to obtain "statutory construction" or a "declaration of rights."

*Ex parte Springsteen*, No. 03–14–00739–CV, 506 S.W.3d 789, 798–99, 2016 WL 7583038, at *7 (Tex. App.–Austin Dec. 21, 2016, no. pet. h.) (footnotes omitted). Unless and until the legislature or the Texas Supreme Court declares that UDJA expressly waives sovereign immunity for "bare statutory construction" claims, we will not infer a "broader right to sue government to obtain 'statutory construction.'" *Id.*

Because we have determined that the UDJA does not waive TABC's sovereign immunity for McLane's UDJA claims, either as they are currently pleaded or as the "bare statutory construction" claims that McLane wishes to replead, we hold that the trial court did not err in granting TABC's plea to the jurisdiction. Accordingly, we overrule McLane's first issue.

**Ultra Vires Claims**

In its second issue, McLane contends that the trial court erred in granting Cook's plea to the jurisdiction because McLane properly pleaded ultra vires claims against her.

---

2. McLane relies heavily on *Texas Lottery Commission v. First State Bank of DeQueen*, 325 S.W.3d 628 (Tex. 2010), in arguing that the UDJA waives sovereign immunity for "bare statutory construction" claims. This reliance, however, is misplaced. *DeQueen* involved an alleged conflict between two statutes. *See id.* at 631–32. The Texas Supreme Court held that the UDJA waived the Texas Lottery Commission's immunity because the plaintiff was

challenging a statute's validity. *See id.* at 634 (noting that "immunity does not apply" because plaintiff "is challenging the validity of the statute itself"); *id.* at 635 (noting that "the claim at issue here ... is a challenge to a statute"). Accordingly, *DeQueen* does not stand for the proposition that the UDJA waives sovereign immunity for "bare statutory construction" claims, as McLane asserts.

■ The Texas Supreme Court "has long recognized that governmental immunity does not bar claims alleging that a government officer acted ultra vires, or without legal authority, in carrying out his duties." *Houston Belt*, 487 S.W.3d at 157–58. " 'To fall within this *ultra vires* exception,' however, 'a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.' " *Id.* at 161 (quoting *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)). In its First Amended Petition, McLane alleges that "Cook has not promptly produced the Information at Issue, nor has the PIA's certification requirement been complied with," *see* Tex. Gov't Code § 552.221(a) (requiring public-information officer to promptly produce public information), (d) ("If an officer for public information cannot produce public information for inspection or duplication within 10 business days ... the officer shall certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication."), and that "Cook has not performed a reasonably comprehensive search for public information responsive to McLane's PIA requests."

■ Assuming, without deciding, that McLane properly pleaded ultra vires claims against Cook, we nevertheless conclude that the trial court lacked jurisdiction to hear them because of the redundant remedies doctrine. "Under the redundant remedies doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels." *Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 79 (Tex. 2015). "The focus of the doctrine is on the initiation of the case, that is, whether the

Legislature created a statutory waiver of sovereign immunity that permits the parties to raise their claims through some avenue other than the UDJA." *Id.*

Here, the legislature created an explicit waiver of sovereign immunity in the PIA, and neither TABC nor Cook has challenged McLane's right to intervene in the underlying PIA suit and to seek mandamus relief. *See* Tex. Gov't Code §§ 552.325(a) (providing that requestor is "entitled to intervene" in governmental body's suit against attorney general); 552.321(a) (providing that requestor "may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection"). If McLane were to prevail on an ultra vires claim against Cook, its only relief would be prospective—in other words, it could obtain a ruling from the trial court ordering Cook to produce the requested information for inspection. *See Heinrich*, 284 S.W.3d at 373 ("Even if [an ultra vires] claim may be brought, the remedy may implicate immunity."); *id.* at 374 (noting "that retrospective monetary claims are generally barred by immunity"); *id.* at 376 (explaining that, generally, "a claimant who successfully proves an ultra vires claim is entitled to prospective injunctive relief"). But this is essentially the same relief that McLane will obtain if it prevails in the underlying PIA suit—a writ of mandamus ordering Cook to produce the information. *See* Tex. Gov't Code § 552.321(a). Therefore, McLane already has a statutory channel by which to obtain the relief that it seeks, and its redundant ultra vires claims brought under the UDJA are not justiciable. *See Patel*, 469 S.W.3d at 79; *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) ("The Declaratory Judgments Act is not available to settle disputes already pending before a court.") (internal quotation marks omitted); *Garst v. Reagan*, No. 03–13–00243–CV, 2014 WL 902554, at *4 (Tex. App.–Austin Mar. 6,

2014, no pet.) (mem. op.) ("Declaratory judgment is not available to settle disputes already pending before the court."); *Texas Dep't of Pub. Safety v. Salazar*, No. 03–11–00478–CV, 2013 WL 5878905, at *11 (Tex. App.–Austin Oct. 31, 2013, pet. denied) (mem. op.) ("In light of the fact that the relief that the Applicants sought in the four declaratory claims discussed above is redundant of their administrative claims, we must conclude that the district court did not have jurisdiction over the declaratory claims.").[3]

Because McLane can pursue the relief it seeks through the PIA, any remedies it could obtain through an ultra vires suit against Cook would be redundant. We therefore conclude that the trial court did not err in granting Cook's plea to the jurisdiction. Accordingly, we overrule McLane's second issue.

## CONCLUSION

We affirm the trial court's orders granting the pleas to the jurisdiction.

---

**3.** We further note that McLane would not be able to recover attorney's fees under the UDJA when the PIA already provides it with a channel for obtaining the requested public information. As this Court explained in *Giggleman*,

> [I]f there is an underlying justiciable controversy regarding construction of statutes that could provide a jurisdictional basis for the UDJA claims Giggleman purports to assert, it must exist solely by virtue of the waiver of sovereign immunity contained in PIA section 552.321. Consequently, any such UDJA claims would, by definition, be merely incidental to the relief Giggleman could obtain through his PIA mandamus claim—and could not be a basis for UDJA attorney's fees.

*Texas State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 708 (Tex. App.–Austin 2013, no pet.) (citations omitted); *see*

*Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (per curiam) ("We have held that simply repleading a claim as one for a declaratory judgment cannot serve as a basis for attorney's fees, since such a maneuver would abolish the American Rule and make fees available for all parties in all cases.") (internal quotation marks omitted); *id.* ("When a claim for declaratory relief is merely "tacked onto" statutory or common-law claims that do not permit fees, allowing the UDJA to serve as a basis for fees would violate the rule that specific provisions should prevail over general ones.") (internal quotation marks omitted); *Elliott v. Rockwood Vill. Partners, Ltd.*, No. 03–12–00298–CV, 2012 WL 6554826, at *7 (Tex. App.–Austin Dec. 12, 2012, no pet.) (mem. op.) ("A party may not plead for declaratory relief simply to pave the way to recover attorneys' fees.").