

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00087-CV

**POST OAK CLEAN GREEN, INC.,** and
Texas Commission on Environmental Quality,
Appellants

v.

**GUADALUPE COUNTY GROUNDWATER CONSERVATION DISTRICT,**
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 19-1245-CV-C
Honorable W.C. Kirkendall, Judge Presiding

### OPINION ON MOTION FOR REHEARING

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: October 12, 2022

REVERSED AND RENDERED

In this interlocutory appeal, appellants Post Oak Clean Green, Inc. and Texas Commission on Environmental Quality ("TCEQ") challenge the trial court's order denying their pleas to the jurisdiction in the underlying declaratory judgment action brought by the Guadalupe County Groundwater Conservation District (the "District"). We conclude the trial court lacks jurisdiction over the District's declaratory judgment action under the redundant remedy doctrine. Accordingly,

we reverse the trial court's order denying the pleas to the jurisdiction and render a dismissal of the District's declaratory judgment action.

We deny the motion for rehearing filed by the District. However, we withdraw our opinion and judgment issued June 15, 2022, and substitute this opinion and judgment in its place to clarify our analysis.

## BACKGROUND

Under the Solid Waste Disposal Act ("SWDA"), TCEQ has the authority to "control[] all aspects of the management of municipal solid waste." *See* TEX. HEALTH & SAFETY CODE ANN. § 361.011(a), (b). To carry out these responsibilities, TCEQ has authority to issue permits authorizing and managing the construction, operation, and maintenance of municipal solid waste landfills. *Id.* § 361.061. TCEQ is also the "principal authority in the state on matters relating to the quality of the water in the state." TEX. WATER CODE ANN. § 26.127(a). TCEQ must consider "water pollution control and water quality aspects" in matters relating to municipal solid waste management. TEX. HEALTH & SAFETY CODE ANN. § 361.011(d). TCEQ requires applications for municipal solid waste permits to contain information concerning groundwater protection and provides for the monitoring of groundwater once landfills are operational. *See* 30 TEX. ADMIN. CODE § 330.61(c), (d), (j), (k) (application requirements); *id.* § 330.63(f), § 330.401(a), (b), (e), (f) (monitoring requirements).

The Guadalupe County Groundwater Conservation District was created by the Legislature in 1997, and approved by the voters in 1999, to conserve, preserve, protect, and recharge groundwater as well as to prevent waste and degradation of groundwater. *See* TEX. CONST. art. 16, § 59; *Guitar Holding Co. v. Hudspeth Cnty. Underground Water Conservation Dist. No. 1*, 263 S.W.3d 910, 912 & n.1 (Tex. 2008). Under the authority granted in Chapter 36 of the Water Code, groundwater conservation districts have broad authority to fulfill their purposes through

rulemaking. *Guitar Holding*, 263 S.W.3d at 912; TEX. WATER CODE ANN. § 36.0015 (groundwater conservation districts' rules are "the state's preferred method of groundwater management"). Section 36.102 grants conservation districts the authority to enforce their rules "by injunction, mandatory injunction, or other appropriate remedy in a court of competent jurisdiction." TEX. WATER CODE ANN. § 36.102(a). In 2001, the District adopted a series of rules for the purpose of carrying out its powers and duties under Chapter 36 of the Water Code. One of the rules adopted by the District is Rule 8.1 pertaining to "Solid, Hazardous or Radioactive Waste." In relevant part, Rule 8.1 states, "In no event may waste or sludge be permitted to be applied in any manner in any outcrop area of any aquifer within the . . . District."

In 2013, Post Oak filed an application with the TCEQ for a permit to construct and operate a municipal solid waste landfill located "within the outcrop area of the Carrizo-Wilcox aquifer recharge zone" in the District's area. The District submitted an objection to TCEQ that the location of the proposed landfill would violate its Rule 8.1. During the next five years, Post Oak and other intervening parties, including the District, participated in the TCEQ administrative review process of Post Oak's permit application which consisted of the submission of additional documents and information concerning the hydrogeology of the site and other matters, public comments and TCEQ responses, public meetings, and two contested case hearings.

On August 27, 2018, TCEQ issued a final order granting a permit authorizing Post Oak to construct and operate the landfill at the proposed location. As authorized by the SWDA, the District filed a suit for judicial review of the TCEQ order granting the permit in Travis County district court. *See* TEX. HEALTH & SAFETY CODE ANN. § 361.321. The administrative appeal remains pending. *See Stop Post Oak Dump, Guadalupe County Groundwater Conservation District, City of Schertz, City of Seguin, and the Schertz-Seguin Local Government Corp. v. TCEQ*, Cause No. D-1-GN-18-007000, pending in the 201st Judicial District Court, Travis County, Texas.

In 2019, the District filed the instant lawsuit against Post Oak seeking a declaratory judgment that its Rule 8.1 prohibits construction and operation of the permitted landfill at the proposed site.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 ("UDJA"). TCEQ filed a petition in intervention. Post Oak and TCEQ filed pleas to the jurisdiction alleging the trial court lacks subject matter jurisdiction because TCEQ has exclusive jurisdiction over the siting and permitting of municipal solid waste landfills pursuant to the pervasive regulatory scheme set forth in the SWDA and Water Code.[2] Post Oak and TCEQ also asserted the trial court lacks jurisdiction because the District must first exhaust its administrative remedies and its declaratory judgment action seeks substantially the same relief as its administrative appeal of the permit order and is therefore barred by the redundant remedies doctrine. Neither party attached any evidence to their plea to the jurisdiction.

After a hearing, the trial court signed a general order on February 24, 2021 denying the pleas to the jurisdiction. The order expressly adopts and incorporates a portion of a prior summary judgment order signed by the trial court on January 16, 2015, before TCEQ issued its order granting the permit in 2018. The incorporated portion of the January 16, 2015 order held: (1) a UDJA action may be used to interpret conservation district rules for enforcement purposes; (2) TCEQ's authority under the SWDA does not impliedly preempt the District's authority to make or enforce its Rule 8.1; and (3) the District's Rule 8.1 is not unconstitutionally vague. Post Oak and TCEQ both appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

---

[1]The District first sought the same declaratory relief in 2014, but we held the controversy was not ripe because TCEQ had not yet granted the landfill permit. We therefore reversed the trial court's order denying the pleas to the jurisdiction filed by Post Oak and TCEQ and dismissed the District's lawsuit without prejudice. *See Tex. Comm'n on Envtl. Quality v. Guadalupe Cnty. Groundwater Conservation Dist.*, No. 04-15-00433-CV, 2016 WL 1371775 (Tex. App.—San Antonio Apr. 6, 2016, no pet.) (mem. op.).

[2]Post Oak asserted in the alternative that TCEQ has primary jurisdiction to interpret and apply its own rules based on its expertise and the need for uniformity. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (explaining primary jurisdiction doctrine).

**DISCUSSION**

On appeal, Post Oak and TCEQ argue the trial court erred in denying their pleas to the jurisdiction because TCEQ has exclusive jurisdiction over siting and permitting decisions for municipal solid landfills under the SWDA. Post Oak and TCEQ also argue the District has not exhausted its administrative remedies and its declaratory judgment action is barred by the redundant remedies doctrine. The District disagrees, arguing that its suit for declaratory judgment pertains only to interpretation of its own Rule 8.1 for purposes of enforcement, and does not interfere with TCEQ's authority over the siting of landfills.

### *Plea to the Jurisdiction*

A plea to the jurisdiction challenges a trial court's authority to determine the subject matter of the suit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether the trial court has subject matter jurisdiction over the District's claim for declaratory relief is a question of law that we review de novo. *City of San Antonio v. Smith*, 562 S.W.3d 75, 79 (Tex. App.—San Antonio 2018, pet. denied) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). "Our ultimate inquiry is whether the particular facts presented affirmatively demonstrate a claim within the trial court's subject-matter jurisdiction." *Id.* "A plea to the jurisdiction is a dilatory plea [used] to defeat a cause of action without regard to whether the claims asserted have merit." *Bland*, 34 S.W.3d at 554.

### *Redundant Remedies Doctrine*

TCEQ and Post Oak argue the trial court erred in denying their pleas to the jurisdiction because the District's UDJA claim is barred by the "redundant remedies" doctrine. "Under the redundant remedies doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels." *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 79 (Tex. 2015). The power of a court to issue a declaratory judgment

in the face of administrative proceedings is limited. *Kuntz v. Khan*, No. 03-10-00160-CV, 2011 WL 182882, at *4 (Tex. App.—Austin Jan. 21, 2011, no pet.) (mem. op.). "[W]hen a plaintiff invokes a statutory means of attacking an agency order, the trial court lacks jurisdiction over an additional claim under the UDJA that would merely determine the same issues and provide substantively the same relief as the statutory remedy." *Tex. Dep't of Ins., Div. of Workers' Compensation v. Brumfield*, No. 04-15-00473-CV, 2016 WL 2936380, at *5 (Tex. App.—San Antonio May 18, 2016, no pet.) (mem. op.); *see Cervantes v. N.H. Ins. Co.*, No. 04-12-00722-CV, 2013 WL 3486824, at *2 (Tex. App.—San Antonio July 10, 2013, pet. denied) (mem. op.) ("When a statute provides a method for attacking an agency order, a declaratory judgment action directed at that order will not lie.") (citation omitted); *Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 669 (Tex. App.—Austin 2006, no pet.) (en banc) ("When a statute provides an avenue for attacking an agency order, a declaratory judgment action will not lie to provide redundant remedies.").

Under the SWDA, the Legislature provided a statutory remedy of judicial review of a TCEQ final order on a permit application for a municipal solid waste landfill in a contested case. TEX. HEALTH & SAFETY CODE ANN. § 361.321(a); *see* TEX. WATER CODE ANN. § 5.351 (authorizing judicial review of acts by TCEQ); *see also* TEX. GOV'T CODE ANN. § 2001.171 (authorizing an aggrieved party who has exhausted all administrative remedies within a state agency to seek judicial review of a final decision in a contested case). The District has availed itself of the statutory right to judicial review and seeks reversal of the Post Oak permit order. *See* TEX. GOV'T CODE ANN. § 2001.174 (in a judicial appeal of an administrative order, the court may affirm or reverse the agency decision in whole or in part or may remand the case for further proceedings before the agency). As noted, supra, the administrative appeal is pending.

In its UDJA suit, the District seeks a declaration that Post Oak's operation of the permitted landfill at the proposed site will violate its Rule 8.1 – because the landfill site is over an aquifer recharge zone. Specifically, the District seeks a declaration that "Rule 8.1 prohibits [Post Oak] from operating a solid waste disposal facility . . . at its proposed site . . . [because it is] on the outcrop of the Carrizo-Wilcox Aquifer recharge area." On appeal, the District asserts the two proceedings are not redundant because the administrative appeal is directed at the findings of fact and conclusions of law underlying TCEQ's permit order, while the declaratory judgment action merely seeks a judicial interpretation of Rule 8.1 for purposes of later enforcement. *See* TEX. WATER CODE ANN. § 36.102(a) (authorizing a groundwater conservation district to enforce its rules "by injunction, mandatory injunction, or any other appropriate remedy in a court of competent jurisdiction"). In its UDJA petition, the District does not expressly request injunctive relief from the trial court based on its interpretation of Rule 8.1. At the hearing on the pleas to the jurisdiction, counsel for the District noted that, "an injunction would be next" if the District prevails in its UDJA suit.

The UDJA generally authorizes claimants whose rights, status, or other legal relations are affected by a statute to have the construction or validity of the statute determined and to obtain a declaration of rights under the statute. TEX. PRAC. & CIV. REM. CODE ANN. § 37.004(a). The UDJA does not, however, enlarge a trial court's jurisdiction, but is "merely a procedural device for deciding cases already within a court's jurisdiction." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 (Tex. 2011) (per curiam) (quoting *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011)). A litigant's "couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit." *Sawyer Trust*, 354 S.W.3d at 388; *see McLane Co. v. Tex. Alcoholic Beverage Comm'n*, 514 S.W.3d 871, 876 (Tex. App.— Austin 2017, pet. denied) (same).

Here, the District's UDJA claim seeking a declaration that Rule 8.1 prohibits operation of the landfill ultimately seeks "substantively the same relief" as its administrative appeal – to block Post Oak's operation of a solid waste landfill at the proposed site. *See Brumfield*, 2016 WL 2936380, at *5; *Cervantes*, 2013 WL 3486824, at *2; *see also McLane*, 514 S.W.3d at 877-78 (holding appellant had a statutory channel by which to obtain same the relief sought through its UDJA ultra vires claims, i.e., production of the information under the Public Information Act, and so its UDJA claims were redundant and not justiciable); *Optimal Utils., Inc. v. Smitherman*, No. 13-16-00385-CV, 2017 WL 3431788, at *2 (Tex. App.—Corpus Christi-Edinburg Aug. 10, 2017, pet. denied) (mem. op.) (holding that both the administrative appeal and the UDJA suit sought the same remedy, "reversal of the Commission's final order to shut in the Duncan well").

The District argues its UDJA action is not redundant of its administrative appeal because the remedies it seeks in the two cases are not identical, i.e., it only seeks construction of Rule 8.1 in the UDJA suit and seeks reversal of the permit order in the administrative appeal. However, the distinction is illusory. Whether the District obtains a reversal of TCEQ's permit order through its administrative appeal or obtains a declaratory judgment stating operation of the permitted landfill is prohibited by Rule 8.1, it will have obtained substantially the same relief – the landfill will not be operated. In that sense, the District's declaratory relief is "directed at" the TCEQ's order overruling the District's objections and granting the permit to Post Oak. If the District prevailed in both the UDJA action and the administrative appeal, the ultimate relief would be the same – no landfill at that site. *See Cervantes*, 2013 WL 3486824, at *2. As Post Oak asserts, "Despite couching the relief sought as a declaration of rights, the effective purpose of the declaratory action is to deny Post Oak the ability to use the permit that has been lawfully issued by the Commission."

In sum, a decision favorable to the District in the administrative appeal would reverse the TCEQ order and therefore would obviate the need for the declaratory relief the District seeks with respect to Rule 8.1. Thus, the substantive relief sought by the District in the administrative appeal and its UDJA action is the same – prohibiting operation of the landfill at the site. Because the declaration sought by the District that Rule 8.1 prohibits Post Oak's operation of a landfill at the site does not extend beyond the relief provided by a reversal of the agency's permit order, we hold the District's UDJA action is redundant of its administrative appeal; therefore, the trial court lacks jurisdiction over the UDJA suit. *See SWEPI LP v. R.R. Comm'n*, 314 S.W.3d 253, 268 (Tex. App.—Austin 2010, pet. denied) (the redundant remedies doctrine is jurisdictional and a plea to the jurisdiction may be granted solely on that basis).

Based on our disposition of the appeal on the redundant remedies ground, we do not reach the other appellate issues raised by Post Oak and TCEQ.

## CONCLUSION

Based on the foregoing reasons, we reverse the trial court's order denying the pleas to the jurisdiction filed by Post Oak and TCEQ, and render judgment dismissing the District's UDJA lawsuit.

Liza A. Rodriguez, Justice