# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON REMAND

---

## NO. 03-21-00305-CV

---

**Dianne Hensley, Appellant**

**v.**

**State Commission on Judicial Conduct; Gary L. Steel, in his official capacity as Chair of the State Commission on Judicial Conduct; Ken Wise, in his official capacity as Vice-Chair of the State Commission on Judicial Conduct; Carey F. Walker, in his official capacity as Secretary of the State Commission on Judicial Conduct; and Clifton Roberson, Kathy P. Ward, Wayne Money, Andrew M. Kahan, Tano E. Tijerina, Chace A. Craig, Sylvia Borunda Firth, Derek M. Cohen, Yinon Weiss, and April I. Aguirre, in their official capacities as Members of the State Commission on Judicial Conduct, Appellees[1]**

---

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-003926, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

After the State Commission on Judicial Conduct issued Dianne Hensley a Public Warning, rather than avail herself of her right to appeal to a Special Court of Review (SCR), Hensley instead sued the Commission and its members and officers for violating the Texas Religious Freedom Restoration Act (the TRFRA) and her right to freedom of speech under Article I, Section 8 of the Texas Constitution (the Free Speech Clause). *See Hensley v. State*

---

[1] Pursuant to Rule 7.2 of the Texas Rules of Appellate Procedure, the current officers and members of the State Commission on Judicial Conduct are automatically substituted for its former officers and members. *See* Tex. R. App. P. 7.2.

*Comm'n on Judicial Conduct*, 692 S.W.3d 184, 189-90 (Tex. 2024) (describing procedural history of case). The trial court dismissed her claims for want of jurisdiction, and this Court affirmed. *Id.* (citing *Hensley v. State Comm'n on Judicial Conduct*, 683 S.W.3d 152 (Tex. App.—Austin 2022), *rev'd*, 692 S.W.3d 184 (Tex. 2024)). On petition for review, the Texas Supreme Court held that, "apart from one declaratory request against the Commission, [Hensley's] suit is not barred by her decision not to appeal the Commission's Public Warning or by sovereign immunity." *Id.* at 190. The supreme court concluded "we affirm the part of the court of appeals' judgment dismissing the one declaratory request for lack of jurisdiction, reverse the remainder of the judgment, and remand to the court of appeals to address the remaining issues on appeal." *Id.* On remand, and guided by the supreme court's analysis, we consider the issues raised by Hensley in her brief to this Court.

**Issue Number 1**

In her first issue, Hensley asserts that the district court erred in granting the plea to the jurisdiction because (1) her failure to seek review of the Commission's decision to issue the Public Warning pursuant to Texas Government Code section 33.034 did not deprive the state judiciary of jurisdiction over her claims under the TRFRA[2]; (2) she did not fail to comply with the notice requirements of the TRFRA; (3) Texas Government Code section 33.006 does not provide the Commission or its members immunity from suit; (4) sovereign immunity does not bar her Uniform Declaratory Judgments Act (UDJA) claims against the Commission; (5) Hensley has asserted a valid ultra vires claim against the Commission's officers and members; and (6) her claims are ripe. We consider each of these arguments in turn.

---

[2] Section 33.034 provides for a de novo review of the Commission's decisions by a Special Court of Review. *See* Tex. Gov't Code § 33.034.

*The TRFRA Claim*

In its plea to the jurisdiction, the Commission asserted that Hensley's TRFRA claim constitutes an impermissible collateral attack on the Commission's Public Warning that is barred by her failure to exhaust the administrative remedies available to her through de novo review by the SCR. The Commission argued that SCR review was the exclusive forum provided by the legislature for appeals from Commission Warnings and, consequently, her failure to exhaust administrative remedies barred her claim against the Commission that issuing the Public Warning violated her rights under the TRFRA. The Texas Supreme Court, on petition for review, considered whether an appeal of the Public Warning to the SCR was an administrative remedy that Hensley was required to exhaust before bringing a suit to recover for alleged violations of her rights under the TRFRA and the Free Speech Clause and determined that it was not. *Id.* at 193. The supreme court held:

> The SCR could not have finally decided whether Hensley is entitled to the relief sought in this case or awarded the relief TRFRA provides if it is determined that her claim has merit. Nor could the SCR have mooted Hensley's TRFRA claim. Hensley was not required to further exhaust her remedy by appeal to a court that could not afford her the relief TRFRA provides to successful claimants before suing in a court that can.

*Id.* at 198. Thus, the supreme court determined that the trial court erred in granting the Commission's plea to the jurisdiction on the ground that Hensley failed to exhaust her administrative remedies.

The TRFRA waives a government agency's sovereign immunity from suit and liability for claims brought under the statute. *See* Tex. Civ. Prac. & Rem. Code § 110.008(a) (subject to TRFRA's notice requirements, "sovereign immunity to suit and from liability is waived to the extent of liability created by [the TRFRA's remedies provision], and a claimant

3

may sue a government agency for damages allowed by that section"). A person may not sue under the TRFRA without giving 60 day's written notice

> (1) that the person's free exercise of religion is substantially burdened by an exercise of the government agency's governmental authority; (2) of the particular act or refusal to act that is burdened; and (3) of the manner in which the exercise of governmental authority burdens the act or refusal to act.

*Id.* § 110.006(a). In its plea to the jurisdiction, the Commission argued that Hensley failed to comply with the statute's notice requirement and, consequently, she could not bring claims under the TRFRA. On petition for review, the Texas Supreme Court considered whether Hensley had complied with the statute's notice requirement and concluded that she had. *Hensley*, 692 S.W.3d at 199. The supreme court held that Hensley had provided the Commission with notice of her claim and clearly stated that her sincere religious beliefs were burdened by the Commission's actions in undertaking to sanction her for refusing to perform same-sex weddings. *Id.* The supreme court concluded that "Hensley's notice of the burden she claims to her religious freedom is clearly sufficient under TRFRA." *Id.* Thus, the supreme court determined that the trial court erred in granting the Commission's plea to the jurisdiction on the ground that Hensley did not comply with the statutory notice requirement.

Although the parties do not dispute that the TRFRA provides a waiver of sovereign immunity, the Commission argued in its plea to the jurisdiction that the Commission and its officers and members retained immunity under Texas Government Code section 33.006, which provides that the Commission and its members are "not liable for an act or omission committed by the person within the scope of the person's official duties" and that "the immunity from liability provided by this section is absolute and unqualified and extends to any action at

4

law or in equity." Tex. Gov't Code § 33.006(b), (c).  On petition for review, the Texas Supreme Court addressed the immunity provided by section 33.006 and concluded:

> Section 33.006(b) expressly provides only an immunity from liability, not an immunity from suit.  "[I]mmunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003).  The trial court thus erred in relying on the immunity provided by Section 33.006 as a basis for concluding that it lacked jurisdiction over the Commission and commissioners.

*Hensley*, 692 S.W.3d at 200.  Thus, the supreme court determined that the trial court erred in granting the plea to the jurisdiction on the ground that Texas Government Code section 33.006 operated as a bar to its exercise of jurisdiction over the Commission and its officers and members.

In supplemental briefing to this Court, the Commission, relying on *Heckman v. Williamson County* 369 S.W.3d 137 (Tex. 2012), asserts that a court "may dismiss claims that are moot or otherwise not within the court's jurisdiction" and contends that Hensley's request for the injunctive relief provided in the TRFRA is moot, not ripe, or that she lacks standing to request such relief.  *See Heckman v. Williamson County*, 369 S.W.3d 137, 166 (Tex. 2012) (holding that "a suit can become moot at any time, including on appeal" and that "courts have an obligation to take into account intervening events that may render a lawsuit moot").  According to the Commission, because the Texas Supreme Court has determined that a judge sanctioned by the Commission who has asserted a TRFRA defense may bring a TRFRA claim seeking, among other things, injunctive relief, and because the Commission has withdrawn its Public Warning, Hensley's request for injunctive relief under the TRFRA is moot.  We disagree.

5

The TRFRA creates a cause of action against a government agency that "substantially burdens a person's free exercise of religion" unless the agency "demonstrated that the application of the burden to the person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that interest." Tex. Civ. Prac. & Rem. Code § 110.003(a), (b). The *remedies* available for a successful TRFRA claimant include declaratory relief, injunctive relief, compensatory damages, attorneys' fees, and costs. *Id.* (setting forth the remedies available for successful claimant under TRFRA). Thus, although the Commission contends that Hensley is not entitled to a particular *remedy* under the TRFRA, her TRFRA *claim* itself, which also seeks declaratory relief, compensatory damages, and attorneys' fees, is not moot and the trial court has jurisdiction to determine what form of injunctive relief, if any, Hensley is entitled to. *Heckman* does not direct courts to dismiss certain remedies as moot but, rather, to dismiss a suit that has become moot. *Heckman*, 369 S.W.3d at 166.

With regard to standing, the Commission asserts that Hensley lacks standing to seek injunctive relief under the TRFRA because she has asked for injunctive relief on behalf of "judges or justices of the peace who recuse themselves from officiating at same-sex weddings on account of their sincere religious beliefs." According to the Commission, Hensley does not have standing to seek relief on behalf of hypothetical judges. Again, the TRFRA claim Hensley has alleged is that the Commission substantially burdened *her* free exercise of religion by issuing the Public Warning. Therefore, Hensley has standing to bring that claim under the TRFRA. Whether she is entitled to a particular remedy under the TRFRA does not deprive the trial court of jurisdiction over the claim. When presenting her case to this Court, Hensley conceded, as she must, that her claim for injunctive and declaratory relief is limited to the Commission's past

6

and future actions as they relate to *her* and that she is not seeking relief on behalf of any other judges or justices.

With regard to ripeness of her request for injunctive relief, we note again that the TRFRA *claim* that Hensley has asserted is that the Commission violated the TRFRA by investigating and punishing her for recusing herself from officiating at same-sex weddings. This claim, based on the Commission's past actions, is ripe. The Commission's argument that the *remedy* of a particular form of injunctive relief is not available to Hensley under the TRFRA does not render her TRFRA claim unripe.[3]

### UDJA Claims

In its plea to the jurisdiction, the Commission argued that the UDJA's waiver of sovereign immunity did not apply to her claims challenging the validity of Judicial Code of Conduct Canon 4A. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019) ("[T]he UDJA . . . provide[s] only a limited waiver for challenges to the validity of an ordinance or statute." (citing *Texas Parks and Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011)); *see also* Tex. Civ. Prac. & Rem. Code § 37.004(a). Specifically, Hensley sought a declaration against the Commission that Canon 4A violates the Free Speech Clause.[4] On appeal,

---

[3] The Commission has also challenged Hensley's UDJA claims against both the Commission and the Commission's officers and members on mootness, ripeness, and standing grounds. The analysis as to those claims would be different as the UDJA does not provide a cause of action that imposes liability on a party for its actions but, rather, grants a court of record "the power to declare rights, status and other legal relations whether or not further relief is or could be claimed," *see* Tex. Civ. Prac. & Rem. Code § 37.009, and UDJA claims may be maintained "only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought," *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

[4] Hensley had made other requests for declaratory relief against the Commission in the trial court that she abandoned on appeal, as noted by the Texas Supreme Court. *See Hensley v. State Comm'n on Judicial Conduct*, 692 S.W.3d 184, 200 n.76 (Tex. 2024).

7

Hensley argued that the UDJA waived immunity for her challenge to the constitutionality of Canon 4A because the UDJA waives immunity in any case challenging the validity of a "statute, ordinance, or franchise," and that waiver should extend to challenges to the validity of judicial canons. On petition for review, the Texas Supreme Court rejected this argument, stating:

> The UDJA provides that "[a] person . . . whose rights . . . are affected by a statute . . . or municipal ordinance . . . may have determined any question of construction or validity . . . and obtain a declaration of rights . . . thereunder. Tex. Civ. Prac. & Rem. Code § 37.004(a). Hensley argues that this provision waives the Commission's sovereign immunity from her claim. But Canon 4A is neither an ordinance nor a statute, but a rule promulgated by this Court. Thus, the UDJA waiver does not apply.

*Hensley*, 692 S.W.3d at 200. Thus, the supreme court determined that the trial court did not err in dismissing Hensley's remaining UDJA claim against the Commission challenging the validity of Canon 4A.

In its plea to the jurisdiction the Commission argued that the ultra vires doctrine did not negate the Commission's officers' and members' immunity from suit because their actions were discretionary and authorized and, therefore, not ultra vires. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) ("To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act."). On petition for review, the Texas Supreme Court held that "a claim that alleges that the Public Warning violated TRFRA is a sufficient ultra vires allegation to survive a plea to the jurisdiction." *Hensley*, 692 S.W.3d at 201. The supreme court reasoned that "[t]hough the Commission does have the discretion to issue informal warnings, the commissioners' discretion to issue a warning *over a TRFRA defense* is necessarily of the *limited*

8

sort because the Commission does not have absolute discretion to interpret and apply TRFRA." *Id.* (emphasis in original) (citations omitted). Thus, to the extent Hensley seeks a declaration that the Commission's officers and members violated the TRFRA in issuing the Public Warning, the supreme court determined that she has sufficiently pleaded an ultra vires claim.

In her petition, Hensley sought declaratory and injunctive relief against the Commission's officers and members under the UDJA, relying on the ultra vires exception to sovereign immunity. Hensley's petition states:

> The Court has jurisdiction over Judge Hensley's request for declaratory and injunctive relief against the individual members of the Commission because they are acting *ultra vires* by pursuing disciplinary proceedings against judges and justices of the peace who recuse themselves from officiating at same-sex weddings. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 368-69 (Tex. 2009).

She sought declaratory relief against the Commission's officers and members that "protects her rights to recuse herself from officiating at same-sex wedding ceremonies," including a declaration that "a judge does not violate Canon 4A merely by expressing disapproval of homosexual behavior or same-sex marriage," that "a judge does not violate Canon 4A by belonging to or supporting a church or charitable organization that opposes homosexual behavior or same-sex marriage," and that "her decision to recuse herself from officiating at same-sex weddings and her intention to continue recusing herself is not 'willful or persistent conduct that is clearly inconsistent with the proper performance of [her] duties or casts public discredit upon the judiciary or administration of justice.'" Hensley also sought injunctive relief against the Commission's officers and members that would "prevent the Commissioners from investigating or sanctioning judges or justices of the peace who recuse themselves from officiating at same-sex weddings on account of their sincere religious beliefs." Hensley's pleading does not plainly

9

allege that the Commission's officers and members acted ultra vires by violating the TRFRA when issuing the Public Warning, nor is her requested relief limited to a declaration that they did so and an injunction from preventing them from doing so in the future. In presenting its case to this Court, however, Hensley argued that her ultra vires allegations were that the Commission's officers and members violated the TRFRA when issuing the Public Warning and that the relief she requests is, in fact, a declaration that they did so and an injunction preventing them from doing so in the future, such that her ultra vires claim fits within the Texas Supreme Court's determination of what would constitute "a sufficient ultra vires allegation to survive a plea to the jurisdiction." *See Hensley*, 692 S.W.3d at 201. And, because Hensley could cure any pleading deficiency by amendment, *see Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004), we construe her petition to allege that the Commission's officers and members violated the TRFRA by investigating Hensley and issuing her the Public Warning and to request a declaration that the Commission's members and officers violated her rights and an injunction preventing them from investigating and sanctioning her in the future if she declines to perform same-sex weddings.

Although Hensley's allegations against the Commission's officers and members are sufficient to fall within the ultra vires exception to sovereign immunity, we nevertheless conclude that the trial court lacked jurisdiction over her ultra vires claim because of the redundant remedies doctrine. "Under the redundant remedies doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels." *Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 79 (Tex. 2015). "The focus of the doctrine is on the initiation of the case, that is, whether the Legislature created

a statutory waiver of sovereign immunity that permits the parties to raise their claims through some other avenue than the UDJA." *Id.*

Here, the legislature created an explicit waiver of sovereign immunity in the TRFRA, which permits a person to obtain the injunctive and declaratory relief Hensley seeks in her UDJA claim against the Commission's officers and members. Specifically, the statute provides that a person who successfully asserts a claim under the TRFRA is entitled to recover declaratory relief under the UDJA; injunctive relief "to prevent the threatened or continued violation"; compensatory damages; and reasonable attorneys' fees, court costs, and other reasonable expenses. *See* Tex. Civ. Prac. & Rem. Code § 110.005(a). The statute provides that the action may by brought against "an individual acting in the individual's official capacity as an officer of a government agency." *Id.* § 110.005(d). The statute includes an express waiver of sovereign immunity "to the extent of liability created by Section 110.005." *Id.* § 110.008. Hensley availed herself of her right to seek declaratory and injunctive relief under the TRFRA, alleging in her petition that:

> Judge Hensley is entitled to a declaratory judgment that the Commission and its members violated her rights under the Texas Religious Freedom Act [sic] by investigating and sanctioning her for recusing herself from officiating at same-sex weddings, and by threatening to impose further discipline if she persists in recusing herself from officiating at same-sex weddings. *See* Tex. Civ. Prac. & Rem. Code § 110.005(a)(1). She is also entitled to an injunction that will prevent the Commission and its members from investigating or sanctioning judges or justices of the peace who recuse themselves from officiating at same-sex weddings on account of their sincere religious beliefs.[5]

---

5  The injunctive relief requested in the petition is broader than the relief available under the statute, which provides that the claimant is entitled to injunctive relief "to prevent the threatened or continued violation" of the TRFRA. *See* Tex. Civ. Prac. & Rem. Code § 110.005(a)(2). As previously stated, in presenting her case to this Court, Hensley stated that

If Hensley were to prevail on the ultra vires claim she has alleged against the Commission's officers and members, the relief she seeks is a declaration that the Commission's officers and members violated her rights under the TRFRA and an injunction preventing them from similarly violating the TRFRA in the future. This is the same relief that Hensley will obtain if she prevails on her claims brought under the TRFRA. Therefore, Hensley already has a statutory channel by which to obtain the relief that she seeks, and her redundant ultra vires claim brought under the UDJA is not justiciable. *See Patel*, 469 S.W.3d at 79; *McLane Co., Inc. v. Texas Alcoholic Beverage Comm'n*, 514 S.W.3d 871, 877 (Tex. App.—Austin 2017, pet. denied) (holding that ultra vires claim seeking mandamus relief that was also available under Public Information Act was nonjusticiable redundant ultra vires claim); *Texas Dep't of Public Safety v. Salazar*, No. 03-11-00478-CV, 2013 WL 5878905, at \*11 (Tex. App.—Austin Oct. 31, 2013, pet. denied) (mem. op.) ("In light of the fact that the relief that the Applicants sought in the four declaratory claims discussed above is redundant of their administrative claims, we must conclude that the district court did not have jurisdiction over the declaratory claims.").

The UDJA provides that the court may award "costs and reasonable attorneys' fees as are equitable and just," and Hensley's petition requests an attorneys' fee award. *See* Tex. Civ. Prac. & Rem. Code § 37.009. But the TRFRA also provides that a person who successfully asserts a claim under the statute is entitled to recover reasonable attorneys' fees and costs. *See id.* § 110.005(a)(4). Even if attorneys' fees were not available under the TRFRA, that would not save Hensley's ultra vires claim. Hensley would not be able to recover attorneys' fees under the UDJA when the TRFRA already provides her with an avenue for obtaining the declaratory and injunctive relief she seeks. *See McLane*, 514 S.W.3d at 878 n.3 (because Public Information

---

the relief she seeks is an injunction that would prevent the Commission from investigating and sanctioning *her* if *she* recommences her practice of declining to officiate at same-sex weddings.

Act entitled party to relief sought in ultra vires claim, claimant could not recover attorneys' fees under UDJA) (citing *Texas State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 708 (Tex. App.—Austin 2013, no pet.) (holding that when statute provides jurisdictional basis for claims party asserts under UDJA, "any such UDJA claims would, by definition, be merely incidental to the relief [the party] could obtain" through claim under statute and could not be basis for UDJA attorneys' fees).

Because Hensley can, and has, pursued the relief she seeks through the TRFRA, any remedies she could obtain through her ultra vires claim against the Commission's officers and members would be redundant. We therefore conclude that the trial court did not err in granting Hensley's plea to the jurisdiction on her ultra vires claim.[6]

**Issue Number II**

In her second issue on appeal, Hensley argues that the trial court erred by granting the Commission's plea of estoppel in which it argued that Hensley's claims were barred by the doctrines of res judicata and collateral estoppel. Hensley asserts that the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) do not apply to disciplinary sanctions imposed by the Commission. We agree.

---

[6] In supplemental briefing to this Court, the Commission argues that the Texas Supreme Court's determination that Hensley could pursue a claim under TRFRA, along with the Commission's withdrawal of the Public Warning after the Texas Supreme Court's *Hensley* decision, moots Hensley's UDJA claim for injunctive relief against the Commission and her ultra vires claim seeking injunctive relief against the Commission's officers and members. The Commission also argues that Hensley lacks standing to pursue her UDJA claims and that they are not ripe. Because the Texas Supreme Court has concluded that the trial court lacks jurisdiction over Hensley's remaining UDJA claim against the Commission and because we have concluded that the trial court lacks jurisdiction over her ultra vires claim under the redundant remedies doctrine, we need not address the Commission's mootness, ripeness, or standing arguments as they relate to her UDJA claims. *See* Tex. R. App. P. 47.1

13

The Texas Supreme Court has recognized that issue and claim preclusion can apply to certain agency proceedings. *See Coalition of Cities for Affordable Util. Rates v. Public Util. Comm'n of Tex.*, 798 S.W.2d 560, 563 (Tex. 1990) ("Texas has made limited use of *res judicata* in an administrative context."); *Igal v. Brightstar Information Tech. Grp.*, 250 S.W.3d 78, 86-87 (Tex. 2008) ("We have, however, held that to further the public policy discouraging prolonged and piecemeal litigation, the administrative orders of certain administrative agencies bar the same claims being relitigated in the court system."). In *Igal*, the supreme court quoted the United State Supreme Court: "When an administrative agency is acting in a judicial capacity and resolve[s] disputed issues of fact properly before it which the parties have had an opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *Igal*, 250 S.W.3d at 86-87 (quoting *United States v. Utah Const. & Mining Co.*, 384 U.S. 394, 411 (1966)). The supreme court observed that "[t]he Supreme Court later reaffirmed the 'long favored application of the common-law doctrine of collateral estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality.'" *Id.* at 87 (quoting *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991)). In *Igal*, the supreme court endorsed the test enunciated in *Utah Construction & Mining Co.*, which requires that (1) the agency acted in a "judicial capacity," (2) the agency resolved disputed issues of fact properly before it, and (3) the parties "had an adequate opportunity to litigate" the disputed issues. *Id.* (holding that res judicata applied to final Texas Workforce Commission orders on wage claims under Texas Labor Code Section 61 because in deciding such claims TWC acts in judicial capacity, decides disputed issues of fact, and parties have adequate opportunity to litigate their claims through adversarial process).

Here, the Commission was not acting in a "judicial capacity." *See McMillan v. Texas Nat. Res. Conservation Comm'n*, 983 S.W. 2d 359, 363 (Tex. App.—Austin 1998, pet. denied) (holding that res judicata may apply "by analogy" to final decisions made by administrative agencies in their adjudication of contested cases). The Commission here was not adjudicating a contested case between adverse parties but, rather, determining whether to exercise its statutory power as an agency to sanction a judge. The statute establishing the Commission expressly states that the Commission "does not have the power or authority of a court in this state." Tex. Gov't Code § 33.002 (a-1). Additionally, the Commission did not "resolve disputed issues of fact properly before it" but, rather, determined whether, as a matter of law, Hensley's conduct violated Canon 4A. Finally, a hearing before the Commission in a disciplinary proceeding is not one in which opposing parties litigate disputed issues before an impartial tribunal. For these reasons we cannot conclude that res judicata or collateral estoppel bar Hensley's claims and, consequently, the trial court erred in granting the Commission's plea of estoppel.

**Issue Number III**

In her third issue, Hensley asserts that she is entitled to summary judgment; that the trial court should have granted her motion for summary judgment even though "it had no occasion to rule on" the summary-judgment motion once it granted the Commission's plea to the jurisdiction and, alternatively, its plea of estoppel; and that this Court should consider the merits of her motion for summary judgment and remand the case with instructions to the trial court that it render judgment for Hensley. We decline to do so. In reviewing a plea to the jurisdiction, as we do here, we cannot examine the merits of the case or the issues raised in a motion for summary judgment but must consider only the plaintiff's pleadings and evidence pertinent to the

jurisdictional inquiry. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *City of Houston v. Rushing*, 7 S.w.3d 909, 913 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (explaining that "[a] motion for summary judgment concerns the merits of a lawsuit" whereas "a plea to the jurisdiction concerns whether the pleadings state a cause of action that confers jurisdiction on the trial court"). Having reversed the trial court's order granting the Commission's plea of estoppel, we leave it to the trial court to address the merits of Hensley's summary judgment. *See Hensley*, 692 S.W.3d at 209 (Young, J., concurring) (observing that although supreme court had discretion to reach merits of Hensley's claim, "there is a virtue in allowing the process to unfold").

## CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's order granting the Commission's plea to the jurisdiction as to Hensley's UDJA claim against the Commission and her ultra vires claim against the Commission's officers and members. We reverse the trial court's order granting the Commission's plea to the jurisdiction as to Hensley's claim under the TRFRA. We also reverse the trial court's order granting the Commission's plea of estoppel. We remand the cause to the trial court for further proceedings consistent with this opinion.

_____

Karin Crump, Justice

Before Justices Kelly, Theofanis, and Crump

Affirmed in Part; Reversed and Remanded in Part on Remand

Filed: May 30, 2025

16