[497] THOMAS M. LEAGUE vs. JOHN DE YOUNG AND SAMUEL P. BROWN — Appeal from Galveston County.

A suit, the object of which is to test the constitutionality of certain statutes supposed to affect individual rights, and which is brought against a public officer in the form of an application for a *mandamus* to compel him to perform official acts which the legislature has forbidden, is in effect a suit against the state, and is an attempted evasion of the well-established principle that the sovereign authority cannot be sued in its own courts, without its express assent. [3 Tex. 51, 88; 5 Tex. 418, 471; 9 Tex. 81; 22 Tex. 24.]

The claims which were intended to be acted upon and regulated by the several acts of the congress of the republic of Texas '' to detect fraudulent land certificates,'' etc., were imperfect obligations which could not be enforced by a judicial proceeding, until the political authority had prescribed the mode. In prescribing that mode the legislature could attach such terms and impose such regulations as were deemed consistent with sound policy. The acts, therefore, which were passed upon this subject, were not repugnant to the constitution of the republic under which they were enacted. [1 Tex. 764; 23 Tex. 93; 28 Tex. 687.]

The plaintiff, the appellant in this court, filed his petition in the district court of Galveston county on the 30th June, 1847,

alleging that he was, by lawful transfers and assignments, the owner and holder of a certificate of which the following is a copy:

"No. 604.   This is to certify that Colin T. McRea has appeared before the board of land commissioners for the county of San Augustine, and proved according to law that he arrived in this republic in the year Anno Domini, 1834, and that he is a married man, and entitled to one league and one labor of land upon the condition of paying at the rate of three dollars and fifty cents for each labor of irrigable land, two dollars and fifty cents for each labor of temporal or arable land, and one dollar and twenty cents for each labor of pasture land which may be contained in the survey secured [**498**] to him by this certificate.   Given under our hands this 21st day of June, 1838.

"CHICHESTER CHAPLIN, *President.*
"NATH. HUNT, *Associate Commissioners.*
"Attest, JOHN O. BROOKE, *Clerk.*"

That on the 29th day of June, 1847, he presented the said certificate to John De Young, the district surveyor of this Galveston land district, and a demand in writing, designating and pointing out certain lands lying within said district, and requested him to cause the same to be surveyed upon and by virtue of said certificate; but that said district surveyor refused and still refuses to make or cause to be made the said survey, or to take any steps whatsoever in performance of his duty resulting from said demand.

The plaintiff farther alleged that after the aforesaid refusal of the said district surveyor, he presented his said certificate to Samuel P. Brown, who then was and still is a deputy surveyor, lawfully appointed and qualified, of and for said district, and whose duty it was to make said survey, together with a demand in writing, designating and pointing out said lands to be surveyed, and requesting him to survey the same; but that said deputy refused to make said survey, or to take any steps whatever in performance of his duty resulting from such demand.

The plaintiff farther alleged that the said district and deputy

surveyors assigned as color for their refusals to make said survey, among other things, that by an act of congress of the republic of Texas, entitled "an act to detect fraudulent land certificates, and to provide for issuing patents to legal claimants," and by the proceedings of the board of commissioners under the same, they were prohibited from making any survey or location upon or by virtue of said certificate, under the penalties prescribed by the act of congress of said republic, entitled "an act prohibiting the location of fraudulent land claims," unless the said certificate, and all rights acquired thereby, were again established, [499] adjudged and certified in accordance with an act of the congress of said republic, entitled "an act supplementary to an act to detect fraudulent land certificates, and to provide for issuing patents to legal claimants;" and until said certificate and the rights of the appellant were again established, the said district and deputy surveyors pretended that, by virtue of the second section of the 11th article of the constitution of the state of Texas, they were prohibited and rendered incompetent to make said survey.

The plaintiff then alleged that each and all the aforesaid acts, and also the second section of the 11th article, supposed to be a part of the constitution of said state of Texas, so far as the same conflicted with, lessened, hindered, delayed or prevented his rights to said survey, are, and were from the beginning, wholly unconstitutional, void, and of no effect, by virtue of the provisions of the constitutions of the said republic of Texas and of the state of Texas, and by virtue of the provisions of the constitution of the United States of America; and that the said district surveyor and deputy surveyor are and were in duty and by law bound to make said survey, as designated and pointed out by him; and that their refusals to make the same were in violation of law and of his legal rights. He therefore prayed that they might be cited to appear and show cause why a peremptory *mandamus* should not issue against them to make said survey; and that said peremptory *mandamus* should issue.

The defendants appeared, and by the attorney for the first judicial district filed a general and special demurrer to the

petition. They also filed sundry pleas, setting up the various acts and supplementary acts of the congress of the republic of Texas, to detect and prevent the location of fraudulent land certificates, and the second section of the 11th article of the constitution of the state; and by all of which they alleged they were prohibited from making said survey, the said certificate not having been recommended for patent by the board of commissioners appointed under [500] the "act to detect fraudulent land certificates, and to provide for issuing patents to legal claimants," approved January 29, 1840.

At the hearing the court below dismissed the petition and decreed that the defendants recover their costs, and from which decision the plaintiff appealed.

*Johnson, Allen* and *Hale,* for appellant.

*Harris,* Attorney General, for appellees.

Mr. Justice LIPSCOMB delivered the opinion of the court.

In this case the judgment of the court below ought to be affirmed for the following reasons:

First, because a *mandamus* is not a process that can be resorted to against a state, without her consent, and this is a suit, in effect, against the state, and conducted by no authority derived from the state; that it is an attempted evasion of the well established principle, that the sovereign authority cannot be sued, in its own courts, without its express assent to such suit.

Second, because the different acts of the congress of the republic of Texas, to detect fraudulent land certificates, are valid, and not repugnant to the constitution of the republic of Texas under which they were enacted. The claims to be acted on and regulated by those laws were only imperfect obligations, and could never be enforced by a judicial proceeding, until the political authority had prescribed the mode. The obligation remains imperfect on the part of the government as long as it retains the fee; and should it refuse to convey the fee, it cannot be sued for such refusal unless it consent to be so sued. As an incident to the fee being in the government, it has the right to attach such terms and impose

such regulations as may be deemed most consistent with sound policy. That this has been the uniform construction given to the power of the legislature over all inchoate and imperfect claims to land, [**501**] by the judicial authority of the country, will be manifest by reference to the decisions of the supreme court of the late republic, in the cases of The Board of Land Commissioners of Nacogdoches County v. Reily, and The Same v. Walling, Dallam, 381 and 524, and by the decisions of this court in Trimble et al. v. Smithers, 1 Tex., 790; Jones v. Menard, 1 Tex. 771; Hosner v. De Young, 1 Tex. 764, and the Administrator of Norton v. Ward, Commissioner of the General Land Office, *ante*, 357.

Third, because the plaintiff, not having sued the state in the mode pointed out by law, and in which alone it consented to be sued, cannot be allowed to seek a remedy in this action.