BARTON PECK v. JAMES A. MOODY AND OTHERS.

In an action of trespass to try title, land certificates of the class, required by the Act of August 1st, 1856, (O. & W. Dig. C. S. Art. 322,) to be presented to the commissioner of claims for registry, within two years from the 1st of September thereafter, are not evidence of any right or title in the plaintiff, claiming the land by virtue of locations and surveys thereof, without proof of such registration, and the approval required by the law.

The institution of the suit, by the plaintiff, after the passage of the act, and before the expiration of the time limited for presenting the certificates, does not exempt him from the operation of the statute.

It was competent for the legislature to create a tribunal to examine and decide upon the legality of these certificates, and approve them, before they should be recognized as valid claims against the government; and to limit the time within which they must be presented for such approval.

APPEAL from Goliad. Tried below before the Hon. M. P. Norton. Change of venue from Victoria.

This was an action of trespass to try title, brought by the appellant against James A. Moody, Felix B. Webb and Adam Stafford, the appellees. The petition was filed on the 28th May, 1857.

On the trial, the plaintiff offered and read as evidence of his title, certified copies from the General Land Office of three bounty warrants, issued December 28th, 1837, for 1920 acres each; and of corresponding field notes of surveys covering the premises claimed in the petition; and also conveyances to him of the said certificates, dated May 12th, 1838.

On argument, the defendants' attorney objected to the locations and surveys, because it did not appear that the certificates or warrants had been filed for registry and approval, with the commissioner of claims, previously to the first day of September, 1858.

The court charged the jury, that the plaintiff had failed to show title. There was no evidence offered of presentation, registry or approval of the said warrants. Verdict and judgment for the defendants, November 8th, 1858.

*S. A. White,* for the appellant.

*Ballinger & Jack* and *W. S. Glass,* for the appellees.

WHEELER, C. J.—The only question which it is material to consider, is upon the sufficiency of the plaintiff's evidence of title.

The act of the 1st of August, 1856, required that all certificates for land, of the character of those on which the plaintiff relies as his evidence of title, should be presented to the commissioner of claims for registry, within two years from the 1st of September thereafter; otherwise they should be forever barred from location, survey and patent. (Acts Adj. Sess. 6th Legislature, p. 14, sec. 2.) And the act prohibits the issuance of a patent upon any such claim, until it shall have been presented to and approved by the commissioner of claims. (Ibid. sec. 5.)

The object of the statute is expressed in its caption: "To ascertain the legal claims, for money and land, against the state."

There cannot be a question, that it was competent for the legislature to create a tribunal to examine and decide upon the legality of these certificates, and approve them, before they should be recognized as valid claims against the government; and to limit the time within which they must be presented for such approval. (League v. De Young, 11 Howard's Rep. 185, 203; 2 Texas Rep. 497; Hosner v. De Young, 1 Texas Rep. 764.)

After the act creating the tribunal and requiring the presentation of these certificates took effect, they could not be recognized as legal claims, until they had been presented and approved, as therein required. And it could make no difference that the plaintiff relied upon them as evidence of title, in a suit previously brought to recover the land. The having brought the suit could not exempt them from the operation of the statute. The case cannot be distinguished in principle from the case of Hughes v. Lane, and other cases affirming the same doctrine. (6 Texas Rep. 289; 9 Id. 598; 5 Id. 441.) Without evidence that the certificates had been presented to the commissioner of claims for registry and approval, as the law required, they could not be received as evidence of any right or title in the plaintiff in this action.

The plaintiff having failed to show title in himself, the ruling of the court upon other questions becomes immaterial. There is no error in the judgment, and it is affirmed.

Judgment affirmed.