ACCEPTED
15-24-00116-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/12/2025 1:21 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-24-00116-CV**

In the Fifteenth District Court of Appeals, Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/12/2025 1:21:22 PM
CHRISTOPHER A. PRINE
Clerk

ARNULFO CORTEZ, JR., HOMERO R. BALDERAS, BRIAN D.
NIPPER, MARK F. VAN ROSENDAEL, AND BRYAN K. HUGGHINS,
*Appellants,*

v.

TEXAS COMMISSION ON LAW ENFORCEMENT, GREGORY
STEVENS IN HIS OFFICIAL CAPACITY AS THE EXECUTIVE
DIRECTOR OF THE TEXAS COMMISSION ON LAW
ENFORCEMENT, JOHN BEAUCHAMP IN HIS OFFICIAL
CAPACITY AS COUNSEL FOR TEXAS COMMISSION ON LAW
ENFORCEMENT, AND T.J. VINEYARD, IN HIS OFFICIAL
CAPACITY AS MAJOR FOR TEXAS COMMISSION ON LAW
ENFORCEMENT,
*Appellees.*

On Appeal from the 455th District Court of Travis County, Texas
The Honorable Daniella DeSeta Lyttle, Presiding

**BRIEF OF APPELLEES**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney
General

JAMES LLOYD
Deputy Attorney General for Civil
Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

LAUREN MCGEE
State Bar No. 24128835
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3203
Lauren.McGee@oag.texas.gov
ATTORNEY FOR APPELLEES

February 12, 2025

# IDENTITY OF PARTIES AND COUNSEL

| *Plaintiffs & Appellants:* | *Counsel:* |
|---|---|
| Arnulfo Cortez, Jr., Homero R. Balderas, Brian D. Nipper, Mark F. Van Rosendael, and Bryan K. Hugghins | George E. Hyde<br>Matthew L. Weston<br>Michael L. Bostic<br>Hyde Kelley, LLP<br>2806 Flintrock Trace, Suite A104<br>Austin, Texas 78738 |
| *Defendants & Appellees:* | *Counsel:* |
| Texas Commission on Law Enforcement, Gregory Stevens in his official capacity as Executive Director of the Texas Commission on Law Enforcement, John Beauchamp in his official capacity as Counsel for Texas Commission on Law Enforcement, and T.J. Vineyard in his official capacity as Major for the Texas Commission on Law Enforcement | Lauren McGee<br>Office of the Attorney General<br>Administrative Law Division<br>P.O. Box 12548, MC018<br>Austin, Texas 78711-2548 |

# REFERENCES TO THE RECORD AND ABBREVIATIONS

| | |
|---|---|
| APA | Administrative Procedure Act, Texas Government Code §§ 2001, *et seq.* |
| Appellants | Balderas, Cortez, Hugghins, Nipper, Van Rosendael, and Cortez, collectively |
| Appellees | TCOLE, Stevens, Beauchamp, and Vineyard, collectively |
| Balderas | Appellant Homero R. Balderas |
| Beauchamp | Appellee John Beauchamp in his official capacity as Counsel for Texas Commission on Law Enforcement |
| Cortez | Appellant Arnulfo Cortez, Jr. |
| Cibolo PD | Cibolo Police Department |
| C.R. [page] | Clerk's Record |
| Hugghins | Appellant Bryan K. Hugghins |
| Nipper | Appellant Brian D. Nipper |
| SOAH | State Office of Administrative Hearings |
| Stevens | Appellee Gregory Stevens in his official capacity as Executive Director of the Texas Commission on Law Enforcement |

| TCOLE | Appellee Texas Commission on Law Enforcement |
|---|---|
| The Officers | Peace Officers Balderas, Nipper, Van Rosendael, and Hugghins, collectively |
| Trial Court | 261st Judicial District Court of Travis County, Texas[1] |
| UDJA | Uniform Declaratory Judgment Act, Texas Government Code Ch. 37 et seq. |
| Van Rosendael | Appellant Mark F. Van Rosendael |
| Vineyard | Appellee T.J. Vineyard, in his official capacity as Major for the Texas Commission on Law Enforcement |

---

[1] This case was originally assigned to the 455th Judicial District Court of Travis County, Texas. Pursuant to Travis County Local Rules Ch. 10, this case was administratively assigned to the 261st Judicial District Court by the chief administrative judge. C.R. 61.

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................. iii

References to the Record and Abbreviations ............................................iv

Table of Contents ....................................................................................vi

Index of Authorities................................................................................viii

Statement of the Case ............................................................................xiii

Statement on Oral Argument .................................................................... 1

Issues Presented........................................................................................ 1

Statement of Facts .................................................................................... 1

Standard of Review ...................................................................................3

Summary of the Argument ........................................................................3

Argument....................................................................................................8

    A.    Appellants failed to identify a waiver of sovereign immunity or to plead a cause of action to confer subject matter jurisdiction on the court. ...............................................8

    B.    Sovereign immunity is not waived by the APA, because Cortez failed to exhaust administrative remedies and because the Officers are not entitled to judicial review............9

    C.    Sovereign immunity is not waived by claims made under the Uniform Declaratory Judgments Act (UDJA). ..................12

    D.    Appellants' ultra vires claims are barred by sovereign immunity..................................................................................15

      i.  Appellants allege "[t]he disciplinary actions taken against Appellants were all contrary to Chapter 45 of the Texas Code of Criminal Procedure." .................................................................16

      ii.  Appellants allege "[t]he disciplinary action[s] against

Appellants were conducted without authority." ...........................17

    iii. Appellants allege Appellees lacked "authority to discipline for deferred disposition." ...............................................................19

    iv. Appellants allege Appellees lacked "authority to discipline for background checks." ................................................................21

    v. Appellants allege Appellees lacked "authority to issue a warning." ...................................................................................21

    E.    Relief sought by Appellants under Section 1701.506 is barred by sovereign immunity. ...............................................23

    F.    Appellants' requests for mandamus relief are barred by sovereign immunity. .............................................................24

    i.  Mandamus causing Appellees to withdraw disciplinary action against Appellants. .....................................................25

    ii. Mandamus causing Appellees to set all disciplinary matters against Appellants for hearing at SOAH. ...................................26

Conclusion & Prayer .........................................................................26

Certificate of Compliance...................................................................28

Certificate of Service .........................................................................29

# INDEX OF AUTHORITIES

## Cases

*Allen-Burch, Inc. v. Tex. Alcoholic Bev. Comm'n,*
104 S.W.3d 345 (Tex. App.—Dallas 2003, no pet.)...........................22

*Anderson v. City of Seven Points,*
806 S.W.2d 791 (Tex. 1991) ..............................................................25

*Andrade v. NCAAP of Austin,*
345 S.W.3d 1 (Tex. 2011) .................................................................13

*Bland Indep. Sch. Dist. v. Blue,*
34 S.W.3d 547 (Tex. 2000) ..................................................................3

*City of El Paso v. Heinrich,*
284 S.W.3d 366 (Tex. 2009) ................................................. 14, 15, 16

*City of Madisonville v. Sims,*
620 S.W.3d 375 (Tex. 2020) ................................................................4

*Dallas Area Rapid Transit v. Whitley,*
104 S.W.3d 540 (Tex. 2003) ................................................................8

*Davis v. Morath,*
624 S.W.3d 215 (Tex. 2021) ................................................................3

*Director of Dep't of Agric. & Env't v. Printing Indus. Ass'n,*
600 S.W.2d 264 (Tex. 1980) ..............................................................25

*Farmers Tex. Cty. Mut. Ins. Co. v. Beasley,*
598 S.W.3d 237 (Tex. 2020) ................................................................3

*Fay-Ray Corp. v. Tex. Alcoholic Beverage Comm'n,*
959 S.W.2d 362 (Tex. App.—Austin 1998, no pet.) ...........................22

*Griffin v. Hawn,*
341 S.W.2d 151 (Tex. 1960) ..............................................................25

*In re Gonzalez,*
No. 05-21-00209-CV, 2021 WL 2281969 (Tex. App.—Dallas June 4, 2021, no pet.) (mem. op.) ..............................................24

*In re State ex rel. Weeks,*
391 S.W.3d 117 (Tex. Crim. App. 2013)..............................................24

*In the Interest of H.S.,*
550 S.W.3d 151 (Tex. 2018) ..............................................3

*Koepke v. Tex. State Senate,*
No. 04-22-00256-CV, 2023 WL 4854839 (Tex. App.—San Antonio July 31, 2023, no. pet.) (mem. op.) ..............................................24

*League v. De Young,*
2 Tex. 497 (1847) ..............................................24

*Machete's Chop Shop, Inc. v. Tex. Film Comm'n,*
483 S.W.3d 272 (Tex. App.—Austin 2016, no pet.) ..............................................20, 21

*McLane Co., Inc. v. Tex. Alcoholic Bev. Comm'n,*
514 S.W.3d 871 (Tex. App.—Austin 2017, pet. denied) ..............................................5, 12

*Pharmserv, Inc. v. Tex. Health & Human Servs. Comm'n,*
No. 03-13-00526-CV, 2015 WL 1612006 (Tex. App.—Austin April 9, 2015, no pet.) (mem. op.) ..............................................11

*Presidio Indep. Sch. Dist. v. Scott,*
309 S.W.3d 927 (Tex. 2010) ..............................................3

*Schroeder v. Escalera Ranch Owners' Ass'n,*
646 S.W.3d 329 (Tex. 2022) ..............................................25

*Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health and Human Servs.,*
540 S.W.3d 553 (Tex. 2018) ..............................................4

*Short v. W.T. Carter & Bro.,*
126 S.W.2d 953 (Tex. 1938) ..............................................25

*Spence v. State,*
   No. 03-17-00685-CV, 2019 WL 1868841 (Tex. App.—Austin
   2019, pet. denied) (mem. op.) .................................................................. 13

*State v. Malone,*
   829 S.W.2d 763 (Tex. 1992) ........................................................... 22

*Tex. A&M Univ. v. Thompson,*
   No. 03-03-00168-CV, 2003 WL 22964277 (Tex. App.—Austin
   Dec. 18, 2003, no pet.) (mem. op.) ................................................. 8, 15

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,*
   852 S.W.2d 440 (Tex. 1993) ................................................................ 3

*Tex. Dep't of Parks & Wildlife v. Miranda,*
   133. S.W.3d 217 (Tex. 2004) ............................................................. 4

*Tex. Dep't of Pub. Safety v. Alexander,*
   300 S.W.3d 62 (Tex. App.—Austin 2009, pet. denied) ...................... 13

*Tex. Dep't of State Health Servs. v. Balquinta,*
   429 S.W.3d 726 (Tex. App.—Austin 2014, pet dism'd) ................ passim

*Tex. Dep't of Transp. v. Jones,*
   8 S.W.3d 636 (Tex. 1999) ................................................................... 8

*Tex. Dep't of Transp. v. Sefzik,*
   355 S.W.3d 618 (Tex. 2011) ............................................................... 5

*Tex. Logos, L.P. v. Tex. Dep't of Transp.,*
   241 S.W.3d 105 (Tex. App.—Austin 2007, no pet.) ..................... passim

*Tex. Natural Res. Conservation Comm'n v. IT-Davy,*
   74 S.W.3d 849 (Tex. 2002) ........................................................... 14, 25

*Tex. Parks & Wildlife Dep't v. Sawyer Trust,*
   354 S.W.3d 384 (Tex. 2011) ........................................................... 5, 14

*Vanderwerff v. Tex. Dep't of Ins.-Div. of Workers' Comp.,*
   No. 05-15-00195-CV, 2015 WL 9590769 (Tex. App.—Dallas Dec.
   20, 2015, pet. denied) (mem. op.) .................................................. 13, 14

*Will v. Mich Dep't. of State Police,*
491 U.S. 58 (1989) ...................................................................... 15

**Statutes**

Tex. Civ. Prac. & Rem. Code § 37.004(a) ................................. 12

Tex. Code Crim. P. § 45.018 ..................................................... 16

Tex. Code Crim. P. § 45.051(e) ................................................. 16

Tex. Gov't Code § 2001.003(1) .................................................... 9

Tex. Gov't Code § 2001.171 ........................................... 4, 5, 9, 11

Tex. Gov't Code § 311.034 ............................................. 4, 8, 9, 24

Tex. Occ. Code § 1701.151 ........................................................ 25

Tex. Occ. Code § 1701.151(2)..................................................... 17

Tex. Occ. Code § 1701.301 ........................................................ 23

Tex. Occ. Code § 1701.451(a)(3)(B)(iv) ............................... 18, 19

Tex. Occ. Code § 1701.451(f) .................................................... 19

Tex. Occ. Code § 1701.501 ........................................................ 25

Tex. Occ. Code § 1701.501(a)............................................. passim

Tex. Occ. Code § 1701.502(a)..................................................... 22

Tex. Occ. Code § 1701.503......................................................... 22

Tex. Occ. Code § 1701.504 .................................................. 11, 26

Tex. Occ. Code § 1701.504(a)..................................................... 10

Tex. Occ. Code § 1701.506(a)....................................................... 9

Tex. Occ. Code § 1701.506(a), (b) ............................................. 23

## Rules

37 Tex. Admin. Code § 211.1(a)(19) ........................................................ 19

37 Tex. Admin. Code § 217.1(b)(7) ..................................................... 2, 17

37 Tex. Admin. Code § 217.1(l) ............................................................ 17

Tex. R. App. P. 38.1(g) ........................................................................ 1

# STATEMENT OF THE CASE

*Nature of the Case:*    Appellants filed suit for judicial review of agency action and for declaratory judgment for alleged violations of due process and equal protection, and they are additionally seeking mandamus relief and attorneys' fees. Appellees filed a plea to the jurisdiction, which the trial court granted. Appellants now appeal the trial court's decision.

*Trial Court:*    The Honorable Judge Daniella DeSeta Lyttle, sitting in the 261st Judicial District Court, Travis County, Texas.

*Trial Court Disposition:*    On October 4, 2024, the trial court granted Appellees' plea to the jurisdiction and dismissed the case. C.R. 176-77.

## STATEMENT ON ORAL ARGUMENT

The Appellees do not request oral argument because they believe this is a simple analysis of sovereign immunity and subject matter jurisdiction. However, if the Court disagrees, the Appellees respectfully request the right to participate in the argument.

## ISSUES PRESENTED

There are only two issues before the Court:

1. Whether Appellants identified a waiver of Appellees' sovereign immunity.

2. Whether Appellees made a claim that conferred subject matter jurisdiction on the court.

Appellants raise eleven issues focusing on both the merits of the case as well as sufficiency of pleadings, neither of which are before the Court. Appellees are responding only to the two issues before the Court.

## STATEMENT OF FACTS

Appellees object to Appellants' Statement of Facts to the extent it contains impermissible argument in violation of Texas Rule of Appellate Procedure 38.1(g). Tex. R. App. P. 38.1(g).

Appellees submit the following Statement of Facts, which lays out

the pertinent facts without the distraction of impermissible argument.

Appellants Cortez, Balderas, Nipper, Van Rosendael, and Hugghins were all licensed peace officers with the City of Cibolo Police Department in Cibolo, Texas (Cibolo PD). Balderas, Nipper, and Van Rosendael were responsible for conducting background investigations and preemployment procedures for Cibolo PD at the time Cortez was hired. Hugghins was the Chief of Police and agency head at the time Cortez was hired.

In 2024, Cibolo PD requested that TCOLE conduct an audit of the agency's files. During the audit, TCOLE discovered Cortez had a prior incident involving assault family violence, for which Cortez was placed on deferred disposition. Pursuant to TCOLE rule 217.1(b)(7), this history disqualified Cortez from licensure, meaning that his peace officer license was issued in error. 37 Tex. Admin. Code § 217.1(b)(7). TCOLE began the administrative process of cancellation.

On November 19, 2024, a contested case hearing for Cortez was held at SOAH. Balderas, Nipper, and Van Rosendael each received a written reprimand for failing to recognize that Cortez was ineligible. Hugghins received a written warning.

Appellants filed suit in trial court shortly before Cortez's case was docketed at SOAH. Appellees filed a plea to the jurisdiction which was granted by the trial court and is now being appealed by Appellants.[2]

## STANDARD OF REVIEW

Whether a court has subject matter jurisdiction over a cause is a question of law reviewed de novo. *Davis v. Morath*, 624 S.W.3d 215, 221 (Tex. 2021). The grant or denial of a plea to the jurisdiction by the trial court is reviewed de novo. *Farmers Tex. Cty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020); *see also Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010). In conducting a de novo review, courts "construe the pleadings in the plaintiff's favor, [and] also consider relevant evidence offered by the parties." *In the Interest of H.S.*, 550 S.W.3d 151, 155 (Tex. 2018); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

## SUMMARY OF THE ARGUMENT

Appellants have neither identified a waiver of the Appellees'

---

[2] Note: there is no administrative record to cite to because this case is not ripe, and the administrative record has not yet been created.

sovereign immunity nor pled a cause of action to confer subject matter jurisdiction on the Court. A state agency and its officers are protected from suit unless there is a clear and unambiguous waiver of sovereign immunity. Tex. Gov't Code § 311.034; *City of Madisonville v. Sims*, 620 S.W.3d 375, 377 (Tex. 2020). Waiver of sovereign immunity is a mandatory prerequisite to filing suit against the sovereign without which a court lacks subject-matter jurisdiction to hear the suit. *Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health and Human Servs.*, 540 S.W.3d 553, 559 (Tex. 2018); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133. S.W.3d 217, 224 (Tex. 2004).

Appellants' claims for judicial review of agency action brought under the Administrative Procedure Act (APA) do not waive sovereign immunity because the Appellants failed to exhaust all administrative remedies and are not aggrieved by a final decision in a contested case. Tex. Gov't Code § 2001.171. Cortez has not exhausted all administrative remedies as his case is still pending at SOAH.[3] The Officers are not entitled to a contested case hearing and, therefore, cannot be aggrieved

---

[3] The Administrative Law Judge issued the Proposal for Decision (PFD) on February 4, 2025. The PFD is not part of the record in this case.

by a final decision in such a case, as is required to have a right to judicial review under the APA. *Id.*

Appellants' claims for declaratory judgment on alleged constitutional violations similarly fail to waive sovereign immunity. The Uniform Declaratory Judgments Act (UDJA) "is not a general waiver of sovereign immunity" and only acts as a "procedural device for deciding cases already within a court's jurisdiction." *McLane Co., Inc. v. Tex. Alcoholic Bev. Comm'n*, 514 S.W.3d 871, 875 (Tex. App.—Austin 2017, pet. denied); (citing *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011), and *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 (Tex. 2011)). Here, there has been no waiver of sovereign immunity.

Even if Appellants could identify a waiver of sovereign immunity, which they cannot because none exists, the relief they seek through the UDJA is impermissible. "Sovereign immunity bars a UDJA claim that would have the effect of challenging an agency order that has not been made reviewable by statutory or constitutional provisions." *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 746 (Tex. App.—Austin 2014, pet dism'd). "Furthermore, a litigant's couching its requested relief

in terms of declaratory relief does not alter the underlying nature of the suit." *Id.*

Currently, there is no agency order reviewable under statutory or constitutional provisions for the Court to review, so the attached UDJA claims cannot be brought.

Appellants also failed to bring a rule challenge under section 2001.038 of the Texas Government Code. Rule challenges brought under section 2001.038 provide a limited waiver of sovereign immunity. Claims seeking to invalidate an agency decision, such as the claims brought by Appellants, are unavailable and do not fall into the limited waiver of sovereign immunity provided by section 2001.038.

Lastly, Appellants' mandamus requests are barred by sovereign immunity. Appellants ask the court to either mandamus Appellees to withdraw all disciplinary action against them or, in the alternative, set all of TCOLE's complaints against Appellants for hearing at SOAH. C.R. 100, 102.

TCOLE is statutorily authorized to regulate, including discipline, individuals who hold a TCOLE license, such as Appellants. A writ requiring TCOLE to withdraw all disciplinary action is barred by

sovereign immunity because it is an impermissible attempt to control state action.

Mandamus relief causing Appellees to set all of TCOLE's complaints against Appellants for hearing at SOAH is also barred by sovereign immunity. Texas Occupations Code section 1701.504 provides a hearing at SOAH for licensees if the commission is seeking to suspend, revoke, or non-renew a person's license. The only Appellant granted a SOAH hearing by statute is Cortez, which has occurred. There cannot be a ministerial duty to set the complaints against the Officers for a hearing at SOAH when they are not entitled to such. A writ requiring the Officers to receive a hearing at SOAH would be an order for Appellees to act outside their statutory authority and commit *ultra vires* acts.

Appellants failed to identify a waiver of sovereign immunity or to plead a cause of action that confers subject matter jurisdiction on the Court. As such, the trial court properly granted Appellees' plea to the jurisdiction.

# ARGUMENT

## A. Appellants failed to identify a waiver of sovereign immunity or to plead a cause of action to confer subject matter jurisdiction on the court.

Appellants' case is first and foremost a suit for judicial review to which they have added claims for declaratory judgment, mandamus relief, and suspension of commission action. All of these claims are barred by sovereign immunity and a lack of subject matter jurisdiction.

Sovereign immunity bars an action against the state, its agencies, and employees acting in their official capacities. *Balquinta*, 429 S.W.3d at 738; *Tex. A&M Univ. v. Thompson*, No. 03-03-00168-CV, 2003 WL 22964277, at *7 (Tex. App.—Austin Dec. 18, 2003, no pet.) (mem. op.). The party suing the state must establish the state's consent to suit, which may be alleged either by reference to a statute or to express legislative permission. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Legislative waiver of sovereign immunity can only be affected by clear and unambiguous language. Tex. Gov't Code § 311.034. Additionally, "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."

*Id.*

Appellants have failed to successfully identify a waiver of sovereign immunity by statute or by clear and unambiguous legislative language, and they cannot do so because none exists.

## B. Sovereign immunity is not waived by the APA, because Cortez failed to exhaust administrative remedies and because the Officers are not entitled to judicial review.

Appellants sought judicial review under the APA. C.R. 95, 105. Texas Occupations Code section 1701.506(a) provides "[a] person dissatisfied with an action of the commission may appeal the action under Chapter 2001, Government Code. […]." Tex. Occ. Code § 1701.506(a). The APA provides a limited waiver of sovereign immunity in Texas Government Code section 2001.171, which states: "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." Tex. Gov't Code § 2001.171. The APA defines contested case as "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." Tex. Gov't Code § 2001.003(1).

Sovereign immunity is waived under section 2001.171 *if* the party bringing suit has met both requirements: exhausted all administrative remedies *and* is aggrieved by a final decision in a contested case. Cortez has failed to meet either of these requirements.

Cortez is entitled to a contested case hearing at SOAH because TCOLE is seeking to cancel his peace officer license. Tex. Occ. Code § 1701.504(a). The SOAH hearing occurred on November 19, 2024. C.R. 71. As of the date of this brief, the ALJ has provided a Proposal for Decision (PFD), and parties are approaching the deadline to submit exceptions. The PFD must then go to the commission for final decision.

The trial court properly granted Appellees' plea to the jurisdiction, because Cortez did not meet the requirements to invoke the limited waiver of sovereign immunity in the APA.

The Officers also fail to meet the requirements for waiver of sovereign immunity under the APA. The limited waiver of sovereign immunity under the APA only applies when the individual bringing the claim has a right to judicial review after a contested case hearing. Not all agency actions entitle an individual to a contested case hearing. *Pharmserv, Inc. v. Tex. Health & Human Servs. Comm'n*, No. 03-13-

00526-CV, 2015 WL 1612006, at *5 (Tex. App.—Austin April 9, 2015, no pet.) (mem. op.); *Tex. Logos, L.P. v. Tex. Dep't of Transp.*, 241 S.W.3d 105, 123 (Tex. App.—Austin 2007, no pet.) (The right to a contested case hearing comes from "express statutory authority, the APA does not independently provide a right to a contested case hearing."). The Occupations Code provides for a contested case hearing if: (1) the commission is seeking to suspend a person's license, (2) the commission is seeking to revoke a person's license, or (3) the commission proposes to refuse to renew a person's license. Tex. Occ. Code § 1701.504.

Officers Nipper, Van Rosendael, and Balderas each received a written reprimand. C.R. 148, 151, 154. These reprimands had no effect on their peace officer licenses. All three had peace officer licenses before the reprimand, and all three have peace officer licenses after the reprimand. TCOLE has not and is not seeking to suspend, revoke, or refuse to renew their licenses. They do not meet the statutory requirements for a suit for judicial review and cannot invoke the limited waiver of sovereign immunity in section 2001.171. Tex. Gov't Code § 2001.171.

Officer Hugghins received a warning letter. C.R. 157. This warning

letter had no effect on his peace officer license. Thus, Officer Hugghins has not met the requirements for a suit for judicial review and cannot rely on section 2001.171 as a waiver of sovereign immunity.

None of the Appellants have invoked the limited waiver of sovereign immunity found in the APA. As such, the court properly granted Appellees' plea to the jurisdiction.

## C. Sovereign immunity is not waived by claims made under the Uniform Declaratory Judgments Act (UDJA).

Appellants make multiple allegations of Federal and State Constitutional violations and seek relief under the UDJA. C.R. 108-110.

The UDJA provides a mechanism of action by which a party "whose rights, status, or other legal relations are affected by a statute…may have determined any question of construction or validity arising under the…statute…and obtain a declaration of rights, status, or other legal relations thereunder." *McLane Co.*, 514 S.W.3d at 875; Tex. Civ. Prac. & Rem. Code § 37.004(a). However, claims brought under the UDJA cannot be used to create subject matter jurisdiction where such jurisdiction does not already exist. *Tex. Logos, L.P.*, 241 S.W.3d at 114.

A court does not have jurisdiction over UDJA claims brought in conjunction with a suit for judicial review until all jurisdictional

requirements, such as exhaustion of remedies, have been met for the suit for judicial review. *Vanderwerff v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, No. 05-15-00195-CV, 2015 WL 9590769, at \*3 (Tex. App.—Dallas Dec. 20, 2015, pet. denied) (mem. op.) ("A party seeking declaratory judgment in court on an issue for which judicial review requires exhaustion of remedies must have exhausted its administrative remedy for the trial court to have jurisdiction over the claim for declaratory judgment."); *see Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 78-80 (Tex. App.—Austin 2009, pet. denied). As explained above in section IA, sovereign immunity is not waived under the APA until all administrative remedies are exhausted.

Additionally, UDJA claims are also barred by sovereign immunity if the claim would effectively challenge an agency order that is not ripe for review. *Balquinta*, 429 S.W.3d at 746. For a court to have subject matter jurisdiction over a UDJA claim, the Plaintiff must have pled a viable claim. *Spence v. State*, No. 03-17-00685-CV, 2019 WL 1868841, \*4-\*5 (Tex. App.—Austin 2019, pet. denied) (mem. op.), *see also Andrade v. NCAAP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011) (considering substance of constitutional claim when reviewing plea to jurisdiction and noting that

immunity was retained unless a viable claim pleaded.).

This is a suit for judicial review to which Appellants have added claims under the UDJA. Adding UDJA claims does not alter the nature of the suit, which is a suit for judicial review. *Balquinta*, 429 S.W.3d at 746 ("A litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit.") (citing *Sawyer Trust*, 354 S.W.3d at 388 (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370-71 (Tex. 2009)); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

Cortez's UDJA claims are barred by sovereign immunity because he has not exhausted his administrative remedies as is required to bring a suit for judicial review under the APA. *Vanderwerff*, 2015 WL 9590769, at *3.

Appellants' state and federal due process and equal protection claims under the UDJA are barred by sovereign immunity because they seek declarations that, in effect, order Appellees to withdraw all disciplinary action against them (the Appellants). The purpose of the UDJA is not to end-run past sovereign immunity and to ask the court to inadmissibly control state action.

Appellants have failed to identify a waiver of sovereign immunity to bring suit for violation of federal constitutional rights. The Eleventh Amendment prohibits the use by citizens of the judicial power of the United States to prosecute against one of the United States. *Tex A&M Univ.*, 2003 WL 22964277, at *4; *Will v. Mich Dep't. of State Police*, 491 U.S. 58, 66 (1989). Congress did not waive the state's sovereign immunity in state courts for claims of violations of federal constitutional rights. *Will* 491 U.S. at 66-67.

Appellants failed to identify a waiver of Appellees' sovereign immunity that would allow Appellants to bring federal constitutional violation claims.

**D. <u>Appellants' ultra vires claims are barred by sovereign immunity.</u>**

Appellants contend that the disciplinary actions taken by Appellees were conducted without authority.

*Ultra vires* claims are an exception to sovereign immunity ***if*** the complaining party can "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372. However, *ultra vires* claims are barred by sovereign immunity if the remedy sought is barred by sovereign

immunity. *Id.* at 373.

Here, Appellants cannot prove any of the Appellees acted without legal authority, because Appellees had statutory authority to issue a reprimand for a violation of Chapter 1701 and a commission rule. Tex. Occ. Code § 1701.501(a).

In their First Amended Petition, Appellants argue Appellees lacked authority for the following actions. C.R. 100-102.

i.  <u>Appellants allege "[t]he disciplinary actions taken against Appellants were all contrary to Chapter 45 of the Texas Code of Criminal Procedure." C.R. 100.</u>

Disciplinary actions taken against Appellants comport with Chapter 45 of the Texas Code of Criminal Procedure. Section 45.051(e) states "records relating to a complaint dismissed as provided by this article may be expunged under Article 55.01. If a complaint is dismissed under this article, there is not a final conviction, and the ***complaint*** may not be used against the person for any reason." Tex. Code Crim. P. § 45.051(e) (emphasis added). The term complaint is defined as "a sworn allegation charging the accused with the commission of an offense." Tex. Code Crim. P. § 45.018. The complaint against Cortez was destroyed by the Cibolo Municipal Court after the records retention period expired. If

Cortez waited to bring this case when it was ripe, then the administrative record would show that Appellees relied on the Final Judgment and Cortez's own admission made on the personal history statement (PHS) he completed when he applied for employment with the Universal City Police Department. Neither of these are a complaint.

    ii.    <u>Appellants allege "[t]he disciplinary action[s] against Appellants were conducted without authority." C.R. 100.</u>

Appellees had authority to take disciplinary actions against Appellants. Cortez's peace officer license is subject to cancellation because he failed to meet minimum requirements for licensure. TCOLE is statutorily authorized to establish minimum standards for the licensure of peace officers. Tex. Occ. Code § 1701.151(2). Minimum standards are set out in 37 Texas Administrative Code section 217.1 and require that an applicant or licensee "has never been convicted or placed on community supervision in any court of an offense involving family violence as defined under Chapter 71, Texas Family Code." 37 Tex. Admin. Code § 217.1(b)(7). If, after a license has been issued, it is learned that the individual did not meet the minimum requirements, the license is subject to cancellation. 37 Tex. Admin. Code § 217.1(l).

The disciplinary action taken against Nipper, Van Rosendael, and

Balderas was a written reprimand notifying them of the error in the background check they conducted on Cortez and allowing them an opportunity to provide additional documentation to TCOLE if they believed there was an error. C.R. 148-155. Texas Occupations Code section 1701.501(a) allows "the commission to revoke or suspend a license, place on probation a person whose license has been suspended, or reprimand a license holder for a violation of: (1) this chapter; (2) the reporting requirements provided by Articles 2B.0053 and 2B.0055, Code of Criminal Procedure; or (3) a commission rule." Tex. Occ. Code § 1701.501(a). Texas Occupations Code section 1701.451 requires law enforcement agencies to conduct pre-employment background checks, including reviewing "proof that the person meets the minimum qualifications for enrollment in a training program under Section 1701.251(a)." Tex. Occ. Code § 1701.451(a)(3)(B)(iv). As discussed in the previous paragraph, Cortez did not meet the minimum qualifications. Neither Nipper, Van Rosendael, nor Balderas identified the issue in the process of conducting a background check. As such, Nipper, Van Rosendael, and Balderas did not comply with section 1701.451(a)(3)(B)(iv) and were subject to reprimand as authorized by

section 1701.501. Tex. Occ. Code § 1701.451(a)(3)(B)(iv); Tex. Occ. Code § 1701.501(a).

At the time Cortez was hired, Hugghins, as Chief of Cibolo PD, was the agency head. TCOLE is statutorily authorized to suspend an agency head's license if the preemployment procedures outlined in Texas Occupations Code section 1701.451 are not followed. Tex. Occ. Code § 1701.451(f). TCOLE did not go so far as to suspend Hugghins license, but instead sent him a warning letter. C.R. 157-158. Hugghins now seems to be upset that TCOLE did not try to suspend his license as it could have done. An agency's decision to provide a warning instead of instituting a harsher punishment is not an *ultra vires* action.

iii. <u>Appellants allege Appellees lacked "authority to discipline for deferred disposition." C.R. 101.</u>

This allegation challenges TCOLE's interpretation of Commission rule 211.1(a)(19) which defines community supervision. 37 Tex. Admin. Code § 211.1(a)(19). Rule challenges must be brought under Texas Government Code section 2001.038. Texas Government Code section 2001.038 "is a grant of original jurisdiction and, moreover, waives sovereign immunity." *Tex. Logos, L.P.*, 241 S.W.3d at 123. However, "relief provided under section 2001.038 does not extend to invalidating

agency decision[s]." *Machete's Chop Shop, Inc. v. Tex. Film Comm'n*, 483 S.W.3d 272, 286 (Tex. App.—Austin 2016, no pet.); *see also Tex. Logos, L.P.*, 241 S.W.3d at 123-24.

First, Appellants did not bring a rule challenge under 2001.038, so this allegation cannot be used to confer subject matter jurisdiction on the court. Appellants generally complain about "regulations" and about "TCOLE's rules, procedures and regulations regarding contested case hearings…." C.R. 107-110. The list of declarations sought by Appellants ends with "[a]dditionally, Plaintiffs seek reasonable and necessary fees that are equitable and just under Section 37.009 of the Texas Civil Practices and Remedies Code." C.R. 110. Chapter 37 of the Texas Civil Practice and Remedies Code is the UDJA. As discussed earlier, Appellants' UDJA claims are barred by sovereign immunity.

Second, the relief Appellants are seeking is impermissible. They are seeking: "(m) Hugghins' warning should be rescinded and expunged from his record; (n) Balderas, Van Rosendael and Nipper's reprimands should be rescinded and expunged from their records; and (o) Cortez's suspension, cancellation, revocation or any other adverse action should be rescinded and expunged from his record." C.R. 113-14. The Officers

are seeking to invalidate TCOLE's decisions, which is outside the bounds of relief provided under section 2001.038. *Machete's Chop Shop, Inc.*, 483 S.W.3d at 286; *see also Tex. Logos, L.P.*, 241 S.W.3d at 123-24.

This allegation fails to identify a waiver of sovereign immunity, and the requested relief is barred.

iv. Appellants allege Appellees lacked "authority to discipline for background checks." C.R. 101.

As discussed in more detail above, the legislature outlined preemployment procedures, which include background checks, in Texas Occupations Code section 1701.451. TCOLE is statutorily authorized to take disciplinary action against licensees for a violation of "(1) this chapter [Texas Occupations Code chapter 1701]; (2) the reporting requirements provided by Articles 2B.0053 and 2B.0055, Code of Criminal Procedure; or (3) a commission rule." Tex. Occ. Code § 1701.501(a). As such, Appellees are statutorily authorized to take disciplinary action for background checks.

v. Appellants allege Appellees lacked "authority to issue a warning." C.R. 102.

Hugghins is complaining about being issued a warning because it is not expressly authorized by statute. C.R. 102. However, TCOLE is

statutorily authorized to revoke, suspend, place on probation, or reprimand a licensee for violations of commission rules. Tex. Occ. Code § 1701.501(a). This grant of general discretion is tempered by some specific instances where TCOLE must take a specified action, such as the requirement that "[t]he commission shall immediately revoke the license of a person licensed under this chapter who is convicted of a felony." Tex. Occ. Code § 1701.502(a).[4]

"An agency has broad discretion in determining which sanction best serves the statutory policies committed to the agency's oversight." *Allen-Burch, Inc. v. Tex. Alcoholic Bev. Comm'n*, 104 S.W.3d 345, 352 (Tex. App.—Dallas 2003, no pet.); *see also Fay-Ray Corp. v. Tex. Alcoholic Beverage Comm'n*, 959 S.W.2d 362, 369 (Tex. App.—Austin 1998, no pet.). The Texas Supreme Court has also recognized that "the complexity of regulatory enforcement requires that a state agency retain broad discretion in carrying out its statutory functions." *State v. Malone*, 829 S.W.2d 763, 767 (Tex. 1992).

TCOLE is tasked with licensing and regulating peace officers,

---

[4] Other specific instances requiring a set disciplinary response by TCOLE include immediate revocation of the license of a person who is convicted of barratry. Tex. Occ. Code § 1701.503.

jailers, and telecommunicators. Tex. Occ. Code § 1701.301. In its discretion, TCOLE elected to send Hugghins a warning letter rather than a reprimand or some other disciplinary action. TCOLE sending Hugghins a warning letter does not waive sovereign immunity or confer subject matter jurisdiction on the court.

### E. Relief sought by Appellants under Section 1701.506 is barred by sovereign immunity.

Appellants asked the trial court to suspend Appellees' actions against them pursuant to Texas Occupations Code section 1701.506(b),[5] which allows a court to suspend an action of the commission pending a hearing if that person is appealing a commission decision under the APA. Tex. Occ. Code § 1701.506(a), (b).

A prerequisite to relief under section 1701.506(b) is the complainant must have a final agency order from a contested case hearing that is being appealed under Texas Government Code section 2001.171. None of the Appellants meet this prerequisite, so none of them can benefit from the limited waiver of sovereign immunity that section

---

[5] Appellants cite to Tex. Occ. Code § 1701.506(c), but Appellees believe they intended to cite to § 1701.506(b) which is the subsection pertaining to suspension of agency actions pending hearing. C.R. 110-111.

1701.506(b) provides. *See* Tex. Gov't Code § 311.034. As such, the trial court properly granted Appellees' plea to the jurisdiction.

## F. **Appellants' requests for mandamus relief are barred by sovereign immunity.**

Appellants asked the trial court to issue a "[w]rit of mandamus [causing Defendants] to withdraw all disciplinary action against Plaintiffs," or in the alternative, issue a "[w]rit of mandamus compelling Defendants to set all disciplinary matters against Plaintiffs for a hearing before the State Office of Administrative Hearings." C.R. 100 & C.R. 102

"Mandamus is not a process that can be resorted to against a state, without her consent." *League v. De Young*, 2 Tex. 497, 500 (1847); *see also Koepke v. Tex. State Senate*, No. 04-22-00256-CV, 2023 WL 4854839, at *2 (Tex. App.—San Antonio July 31, 2023, no. pet.) (mem. op.). Mandamus is an extraordinary remedy granted only when "(1) [the party] has no adequate remedy at law, and (2) that what [the party] seeks to compel is a ministerial act." *In re Gonzalez*, No. 05-21-00209-CV, 2021 WL 2281969, at *2 (Tex. App.—Dallas June 4, 2021, no pet.) (mem. op.) (*citing In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013)). "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left

to the exercise of discretion." *Schroeder v. Escalera Ranch Owners' Ass'n*, 646 S.W.3d 329, 333 (Tex. 2022) (*citing Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991)).

i. <u>Mandamus causing Appellees to withdraw disciplinary action against Appellants. C.R. 100.</u>

Additionally, sovereign immunity protects the state against suits to "control state action." *Tex. Logos, L.P.*, 241 S.W.3d at 118; *IT-Davy*, 74 S.W.3d at 855; *Director of Dep't of Agric. & Env't v. Printing Indus. Ass'n*, 600 S.W.2d 264, 265-66 (Tex. 1980). "A suit seeks to control state action when the judgment would effectively direct or control a government official in the exercise of his or her discretionary statutory authority." *Tex. Logos, L.P.*, 241 S.W.3d at 118; *Printing Indus. Ass'n*, 600 S.W.2d at 265-66; *Griffin v. Hawn*, 341 S.W.2d 151, 152-53 (Tex. 1960); *Short v. W.T. Carter & Bro.*, 126 S.W.2d 953, 962 (Tex. 1938).

The Legislature designated Appellees as the government entity charged with issuing and regulating peace officer licenses and licensees. Thus, the trial court could not order Appellees to take specific actions related to the regulation of licensees because it would be an improper attempt to control Appellees in the exercise of their statutory authority. *See* Tex. Occ. Code §§ 1701.151, 1701.501; *Tex. Logos, L.P.*, 241 S.W.3d

at 118. Accordingly, Appellees are protected by sovereign immunity from suits that seek to control their actions, such as this one.

    ii.    <u>Mandamus causing Appellees to set all disciplinary matters against Appellants for hearing at SOAH. C.R. 102.</u>

As discussed above in section I.A, the Officers were not entitled to a hearing at SOAH. Appellees do not have statutory authority to docket their cases at SOAH. Tex. Occ. Code § 1701.504. Therefore, it is illogical to believe Appellees had a ministerial duty to do so. Issuing a writ of mandamus causing Appellees to docket the Officers' cases would be in effect an order causing the Appellees to commit an *ultra vires* act, because Appellees would be forced by the Court to act without authority.

Thus, the trial court properly dismissed this claim by granting Appellees' plea to the jurisdiction.

## CONCLUSION & PRAYER

Appellees respectfully request the Court to affirm the trial court's granting of the plea to the jurisdiction because Appellants failed to identify a waiver of sovereign immunity or to plead a claim to confer subject matter jurisdiction on the court.

Appellees request such other and further relief to which it may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Lauren McGee*
LAUREN MCGEE
State Bar No. 24128835
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3203
Lauren.McGee@oag.texas.gov

ATTORNEY FOR APPELLEES

# CERTIFICATE OF COMPLIANCE

I certify that the submitted brief complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 4,935. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word for Office 365.

Date: February 12, 2025.

/s/ Lauren McGee
LAUREN MCGEE
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025, a true and correct copy of the above and forgoing document has been served on the following counsel of record via electronic service and/or electronic mail:

George E. Hyde
State Bar No. 45006157
ghyde@txlocalgovlaw.com
Matthew L. Weston
State Bar No. 24037698
mweston@txlocalgovlaw.com
HYDE KELLEY, LLP
2806 Flintrock Trace, Suite A104
Austin, Texas 78738
Telephone: (512) 686-0700

*Attorneys for Appellants*

/s/ Lauren McGee
LAUREN MCGEE
Assistant Attorney General

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Foster on behalf of Lauren McGee
Bar No. 24128835
jennifer.foster@oag.texas.gov
Envelope ID: 97295328
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellees Brief
Status as of 2/12/2025 1:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George Hyde | 45006157 | ghyde@txlocalgovlaw.com | 2/12/2025 1:21:22 PM | SENT |
| Matthew Weston | 24037698 | mweston@txlocalgovlaw.com | 2/12/2025 1:21:22 PM | SENT |
| Lauren McGee | 24128835 | Lauren.mcgee@oag.texas.gov | 2/12/2025 1:21:22 PM | SENT |

Associated Case Party: TEXAS COMMISSION ON LAW ENFORCEMENT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jennifer Foster | | Jennifer.Foster@oag.texas.gov | 2/12/2025 1:21:22 PM | SENT |

Associated Case Party: City of Cibolo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Victoria Wilhelm | | vwilhelm@txlocalgovlaw.com | 2/12/2025 1:21:22 PM | SENT |
| Lauren Fogerty | | lfogerty@txlocalgovlaw.com | 2/12/2025 1:21:22 PM | SENT |